393 A.2d 1050

Anthony BANDES and Margaret Bandes, his wife

v.

Joseph KLIMOSKI, Appellant

v.

Oswald BERRIOS and Brownsville General Hospital.

Superior Court of Pennsylvania.

Argued Nov. 14, 1977.

Decided Nov. 8, 1978.

138

Behrend and Aronson, Pittsburgh, for plaintiffs.

William D. Phillips, Washington, for appellant.

William M. Radcliff, Uniontown, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Suit was instituted in Fayette County by plaintiffs on July 18, 1975, for alleged personal injuries arising out of medical malpractice. The defendant-appellant, Joseph Klimoski, was served on July 25, 1975. Plaintiffs, in September, 1975, instituted a separate action in the same county against Brownsville General Hospital [1] (hereinafter referred to as the "Hospital") as well as an action in the United States District Court for the Western District of Pennsylvania against Oswald Berrios, M. D. (also spelled "Berios" at some places in the record and hereinafter referred to as "Berrios").

On September 24, 1975, the defendant-appellant filed a praecipe for a writ to join additional defendants Berrios and the Hospital. The writ was issued by the Prothonotary on the same day. It had not been served by January 19, 1976, when a praecipe to reissue the writ was filed. The Hospital was served with the reissued writ on January 20, 1976, and Berrios was served on January 30, 1976.

On February 13, 1976, the Hospital filed a motion to quash [2] the writ to join additional defendants based upon the failure of defendant-appellant to serve within thirty (30) days and/or the failure of defendant-appellant to make an application to the court to extend the time for cause shown. See Pennsylvania Rule of Civil Procedure 2254(b).[3] On

1. At Fayette County: No. 147 September Term, 1975.

2. The lower court noted in its opinion that the Hospital should have filed preliminary objections rather than a motion to quash in these circumstances. No objection was raised to the procedure used, however, and the lower court therefore treated the merits of the issue. No contention is raised on the instant appeal that the lower court's action in this regard was in error.

3. Rule 2254(b) provides: "The writ, or a copy of the complaint of the defendant or the additional defendant, if the joinder is commenced by complaint, shall be served by the sheriff in the same manner as a writ of summons within thirty (30) days of commencement of the action to join, unless the time be extended by the court upon cause shown. Copies of all pleadings theretofore filed in the action shall also be served by the sheriff with the complaint, if the joinder is commenced by complaint. If the joinder is commenced by writ,

February 18, 1976, Berrios filed preliminary objections raising similar contentions. On March 26, 1976, the defendant-appellant filed a motion for extension of time to join additional defendants nunc pro tunc.

The various motions came before the lower court, and by Opinion and Order dated May 17, 1976, the lower court ruled in favor of the Hospital and Berrios. The Order of the lower court provided:

"AND NOW, May 17, 1976, the motion to quash the writ joining Brownsville General Hospital as an additional defendant is hereby granted and the preliminary objections of A. Berios, M.D. are hereby sustained. The complaint as to Brownsville General Hospital and A. Berios, M.D., as additional defendants, is hereby dismissed.

"The motion to join the additional defendant nunc pro tunc made by the plaintiffs, Anthony Bandes and Margaret Bandes (sic),[4] is hereby denied."

The defendant, on May 21, 1976, filed exceptions to the parts of the lower court order granting the motion of the Hospital and the preliminary objections of Berrios. The exceptions did not mention the denial of defendant-appellant's motion to proceed nunc pro tunc, so that we must hold that defendant-appellant's contentions on appeal as to that denial have not been properly preserved for appellate review. Thus, the sole issue before us is the propriety of the action by the lower court in granting the preliminary objections and motion to quash filed by Berrios and the Hospital.

In our review in the instant circumstances, we must be mindful that the lower court's decision should not be disturbed unless an abuse of discretion is shown. See *Zakian v. Liljestrand,* 438 Pa. 249, 264 A.2d 638 (1970); *Marnell v. Cross,* 372 Pa. 82, 92 A.2d 688 (1952). We cannot discern any such abuse of discretion in this case. Rule 2254(b)

copies of all pleadings shall be served with the complaint when filed thereafter, in the manner provided by Rule 1027.

4. It is obvious that the lower court meant, in this sentence, to refer to the defendant-appellant, and not the plaintiffs, Anthony Bandes and Margaret Bandes.

clearly requires service upon an additional defendant ". . . within thirty (30) days of commencement of the action to join, unless the time be extended by the court upon cause shown". In the instant case, the appellant caused the issuance of writs to join Berrios and the Hospital in the case, on September 24, 1975. The writs were reissued almost four months later on January 19, 1976, without leave of court, and were thereafter served. In his own brief, appellant admits that the writs ". . . were reissued by praecipe and served without the permission of Court as contemplated by Pa.R.C.P. Rule 2254(b)". In a comparable situation, in *Lamp v. Heyman,* 469 Pa. 465, 477, 366 A.2d 882, 888 (1977), our Supreme Court recently held that analogous violations of the Rules of Civil Procedure would not be condoned or excused in the future:

> "Nevertheless, we now conclude that there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, we find that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims, and with that underlying our court rules of making the processes of justice as speedy and efficient as possible. (Footnotes omitted.)

While *Lamp v. Heyman, id.,* did not involve additional defendants, and was concerned with a different Rule of Civil Procedure, we find the rationale of that decision applicable and persuasive in our resolution of the instant appeal.

The defendant-appellant argues that the breach of the Rule was merely a technical one and should be excused because it is an exceedingly complex case in which ". . . the ultimate pursuit of a joinder to the point of service is not easily or cavalierly undertaken." This artful phrasing, however, is not accompanied by any facts to explain why service, a relatively simple procedure to place in

motion, was not attempted until months after the time period required by the Rule. In that regard, we must distinguish this case from the factual situation presented in *Lamoree v. Penn Central Transportation Co.,* 238 Pa.Super. 380, 357 A.2d 595 (1976), where we reversed the lower court and permitted the joinder of an additional defendant some eight and a half months beyond the 60-day period permitted in Rule of Civil Procedure 2253.[5] In *Lamoree,* the defendants *first* filed a petition for leave to join an additional defendant nunc pro tunc. In reversing the lower court's granting of the proposed additional defendant's preliminary objection to the joinder in *Lamoree,* we found that the defendant had clearly shown valid cause to support a late joinder. In the instant case, where the joinder itself was timely accomplished within the time limits set forth in Rule 2253, but service was not made within the time limits of Rule 2254, no prior request was made, as in *Lamoree,* for the court's permission to comply with the Rule nunc pro tunc. Moreover, the appellant failed totally to evidence to the lower court, or to our court, compelling reasons to excuse the obvious violation of the Rule. *Lamoree* therefore does not provide support for the defendant-appellant's position in the instant case.

Based upon all of the above, we cannot hold that the lower court abused its discretion in dismissing the joinder of the proposed additional defendants in this case.

*Affirmed, and the record remanded for further proceedings in the case.*

WATKINS, former P. J., and HOFFMAN, J., did not participate in the consideration or decision of this case.

5. Rule 2253 provides: "Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."