435 A.2d 1280

**Frank GROSSMAN c/o Cedarbrook Realty**

**v.**

**Tina Weiser MITCHELL and Christine Pierson.**

**Appeal of Tina Weiser MITCHELL.**

Superior Court of Pennsylvania.

Submitted March 9, 1981.

Filed Oct. 16, 1981.

386

Irv Ackelsberg, Philadelphia, for appellant.

Robert R. Guzzardi, Philadelphia, for appellees.

HESTER, DiSALLE and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Plaintiff-Appellee Frank Grossman, c/o Cedarbrook Realty, initiated an action in the Municipal Court of Philadelphia to recover possession of certain real estate in the city of Philadelphia, and for back rent allegedly due under a lease of same entered into between him and Robert and Christine Pierson. Grossman secured a judgment for possession of the premises but his claim for back rent was denied due to the uninhabitable condition of the property, and judgment was entered for the tenants on this claim. He appealed to the

Court of Common Pleas from the judgment entered for the tenants. He thereafter filed a notice of appeal, and affidavit of non-delay, and a complaint. However, notice of the appeal was not sent to the tenants within the time prescribed by Philadelphia Civil Rule 300 which requires service of notice of such an appeal within forty-eight (48) hours after it is filed. Grossman did not mail such notice to the tenants until several days beyond the allotted time. Furthermore, the receipts attached to the mailings were returned unsigned, and no further effort was made to accomplish service. Notably, the notice sent to the tenants was addressed to them at the leased premises, which they had been ordered to vacate.

Nevertheless, on December 18, 1979, Grossman entered a default judgment against the tenants for $1,316.00, and, thereafter, caused a writ of attachment execution to be issued against a savings bank account in the name of Robert Pierson in trust for Tina Weiser Mitchell.

Robert Pierson[1] filed on March 18, 1980, a petition to strike the default judgment and to quash the appeal because of Grossman's failure to serve notice of the appeal according to the requirements of Rule 300. The lower court denied the petition, from which action Robert Pierson took this appeal. After doing so, he died on August 20, 1980, and Tina Weiser Mitchell, the beneficiary of the bank account, was substituted for him as party-appellant.

Rule 300 (Star Rule *28) is specially adapted to landlord and tenant cases in the Philadelphia Municipal Court, and differs from Rule 310 which covers appeals from "other civil claims" in that court.

The pertinent parts of Rule 300 read:

"Municipal Court—Landlord and Tenant

.     .     .     .     .

1. No mention is made of Christine Pierson, the other original defendant in the case before us. The lower court ignored her existence and recognized Robert Pierson as the sole petitioner. We shall do likewise for the purpose of this appeal.

(D) Notice of the appeal, together with a copy of the praecipe, shall be served upon the appellee within forty-eight (48) hours after the appeal is taken. If the appellant is the plaintiff in the case, he shall, within ten (10) days after the service of the notice, file and serve upon the appellee a complaint in the form required in actions in assumpsit. If the appellant is the defendant in the case, he shall serve upon the appellee, with the notice of appeal, a rule to file his complaint within ten (10) days after service, under penalty of having his claim deemed abandoned. In either case, the period for filing the complaint may be extended by the Judge before the expiration thereof, on cause shown. If a complaint is not filed within the period herein limited or any extension thereof, or, if a rule to file a complaint is not served with the notice of appeal or within five (5) days thereafter, the party failing to so file the complaint, or to serve the rule, shall be deemed to have abandoned his claim or appeal as the case may be. Proof of service in compliance with this rule shall be filed of record by the party making the same, and, unless such proof is filed, the Prothonotary shall mark the record on the written order of the opposite party.

(E) After the filing and service of the complaint, the practice and procedure in the case shall be the same as in actions of assumpsit.

The lower court held that the failure to send the required notice within forty-eight (48) hours after the appeal was filed was such a technicality that alone would not be a sufficient basis for striking the judgment.

It also held that said failure was not such a "fatal defect" that would warrant the relief requested. Although there are other issues raised, the primary question is whether failure to give the notice provided for in Philadelphia Rule 300(d) within the required time deprives the Common Pleas Court of jurisdiction to hear the appeal.

Under Pa.R.C.P., Rule 127(b) "[e]very rule shall be construed, if possible, to give effect to all its provisions. When

the words of a rule are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." We must, therefore, give full meaning to the requirement that in appeals of this nature, the appellant must serve notice of the appeal upon the appellee within forty-eight hours after the appeal is taken. It is admitted that notice was not given within that period, or even attempted to be given. Appellee argues, however, that appellant was not prejudiced because notice was sent to appellant before the expiration of the time allowed for taking the appeal. We cannot accept that excuse as that is not what the rule provides. Thus we have the bare question of whether the failure to comply with the rule affects the jurisdiction of the Common Pleas Court to entertain the appeal. We conclude that it does and, therefore, the appeal must be stricken for that reason.

Past decisions by this Court have recognized compliance with such time limitations as jurisdictional requirements. See, e. g., *Turner v. May Corp.*, 285 Pa.Super. 241, 427 A.2d 203 (1981) and, *Drozdowski v. Keystone Truck Leasing*, 277 Pa.Super. 55, 419 A.2d 657 (1980). Though the requirements for perfecting an appeal in the instant case are derived from local rules, this court had long recognized the inherent power of local courts to formulate their own rules of practice and procedure providing the rules are neither unreasonable nor contrary to existing laws. These rules are to be given weight equal to those established by our Supreme Court as long as they do not abridge, enlarge, or modify substantive rights of the litigant. *Mikita v. Bailey Homes, Inc.*, 265 Pa.Super. 399, 401 A.2d 1367 (1979).

The rule herein in question is such a local rule. It merely sets forth one of the requirements for perfecting an appeal from the Municipal Court to the Court of Common Pleas of Philadelphia. It is, therefore, confined to practice and procedure in that judicial district and does not, if complied with, affect the substantive rights of the parties. Non-compliance, however, did affect the right of the appellee herein to receive adequate notice of the proceedings against him.

An analogous situation is found in this court's disposition of an appeal involving Pa.R.C.P. 2254(b) which requires service of a complaint on third party defendant(s) within thirty days after commencement of the action to join absent an extension granted by the court. In that case, *Bandes v. Klimoski*, 260 Pa.Super. 137, 393 A.2d 1050 (1978), we held that noncompliance with the time requirements would result in the striking of the third party complaint. Furthermore, in *Bandes* we expressly rejected a claim similar to appellee's herein that the untimely service was "merely a technical" breach. *Bandes v. Klimoski*, supra, 260 Pa.Super. at 141, 393 A.2d at 1052.

■■■ It is well settled that a Common Pleas Court will be considered the best authority as to the meaning of its own rules absent manifest error. *Caples v. Klugman*, 202 Pa.Super. 517, 198 A.2d 342 (1964); *C.B. Company v. Rostraver Township Zoning Hearing Board*, 49 Pa.Cmwlth. 204, 410 A.2d 1298 (1980). In the case at hand, however, we find just such manifest error. To reiterate, Rule 300 clearly states that "[n]otice of the appeal . . . *shall* be served upon the appellee within forty-eight (48) hours after the appeal is taken." (Emphasis added). The language of the local rule operates to make timely service of the notice of appeal a mandatory perfection requirement. As a result, noncompliance is a fatal defect to such perfection. The lower court, therefore, lacked jurisdiction to entertain the appeal of Grossman. In the past, we have allowed appeals to the lower courts to stand on less than complete compliance with mandatory perfection requirements only where there has been a valid attempt at timely compliance. *Black and Brown, Inc. v. Home for the Accepted, Inc.*, 233 Pa.Super. 518, 335 A.2d 722 (1975). The record herein evinces that no such valid attempt at *timely* compliance was made by appellee. The granting of a default judgment in the absence of jurisdiction is, therefore, manifest error on the part of the lower court. The appeal should have been quashed by that court.

The order of the lower court is reversed, the judgment is stricken, the attachment of the bank account is dissolved and the appeal from the judgment from the Municipal Court to the Common Pleas Court is dismissed.