557 A.2d 404

**Frederick BUCK and Vivian Buck, Appellants,**

v.

**COLDWAY FOOD EXPRESS, INC., Joseph J. Klotz, Jr. & D.J. Viskoe Trucking, Inc. and Carolina Casualty Insurance Company.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1988.

Filed March 17, 1989.

582

Joel M. Lieberman, Philadelphia, for appellants.

Albert S. Fein, Philadelphia, for appellees.

Before BECK, JOHNSON and MELINSON, JJ.

JOHNSON, Judge:

This is a garnishment action in which appellants Frederick Buck and Vivian Buck appeal from the order granting the preliminary objections of garnishee/appellee Carolina Casualty Insurance Company (Carolina) to a writ of execution filed by the Bucks. We vacate and remand.

This litigation arose following an April 15, 1980 automobile accident involving a car driven by Vivian Buck, a tractor-trailer owned and driven by William Ewing and a truck driven by Joseph Klotz. Ewing was operating the tractor-trailer under a long-term permanent lease with Coldway Food Express, Inc. (Coldway). At the time of the accident this tractor-trailer was operated pursuant to a "trip-lease" for D.J. Viskoe Trucking, Inc., (Viskoe), the party thus carrying the primary insurance for the Ewing/Coldway/Viskoe tractor-trailer. Klotz was operating a truck owned by Frederick Forte. Vivian Buck was proceeding in a westerly direction on Red Lion Road in Philadelphia and was entering the intersection of Roosevelt Boulevard when she was struck by the Klotz/Forte vehicle. The Klotz/Forte vehicle, attempting to make a right turn from

Roosevelt onto Red Lion, was forced into hitting Buck's car by the erratic actions of the Ewing/Coldway/Viskoe vehicle, which was travelling in the lane to Klotz' right and was also trying to negotiate a right turn onto Red Lion. Vivian Buck sustained spinal and other injuries requiring extensive treatment and rehabilitation.

The Bucks filed suit against Coldway on July 14, 1981. Coldway filed a third-party complaint against Viskoe, Klotz and Forte on September 11, 1981 and attempted to serve the complaint on Viskoe by certified mail. The letter, sent to Viskoe Trucking's last known address, in Illinois, was returned stamped "return to sender, not deliverable as addressed, unable to forward." On October 14, 1981 Coldway requested Viskoe's address from the United States Postmaster and on October 26, 1981 received a Charlotte, North Carolina address from the Postmaster. Coldway immediately sent the complaint by certified *and* by regular mail to the North Carolina address. On December 3, 1981 Coldway filed an Affidavit of Service pursuant to Pa.R.C.P. 2079(c). The docket entries show a praecipe to reinstate and a reinstatement of the complaint on December 7, 1981, but these documents are not in the record. The complaint was then served upon the two other third-party defendants, Klotz and Forte. As with Viskoe, these defendants had eluded process until this point. However, this time Coldway was successful in completing service upon Klotz and Forte, who then proceeded to defend the action.

After this, although the letter sent to Viskoe by regular mail was never returned, the certified letter was returned on December 20, 1981. Coldway then retained two investigative services in an attempt to locate Viskoe. National Claims Service, Inc., issued a report on January 21, 1982 stating that their efforts yielded no results. Commercial Index Bureau, Inc. also attempted to locate Viskoe for a period of about four months and issued reports in March and in April of 1982 documenting their ultimately unsuccessful efforts.

On May 5, 1982, Coldway petitioned the court for leave to serve process by publication. Their petition, accompanied by affidavits and exhibits, documented their continuous, eight-month long unsuccessful search for Viskoe. The petition was unopposed. By order of May 10, 1982 The Honorable Charles Lord granted the petition. Process was completed by publication on May 21, 1982 in the Philadelphia Legal Intelligencer and on June 4, 1982 in the Charlotte, North Carolina Observer and in the Charlotte News.

Following trial before the Honorable Beryl Caesar from November 5 to November 7, 1986, the jury returned a verdict in favor of Vivian Buck in the amount of $40,000.00 against "the driver of the Ewing vehicle." The jury found no liability on the part of Klotz and Forte. Pursuant to the trip lease between Coldway and Viskoe and at the request of counsel for both the Bucks and Coldway, the court directed a verdict in favor of Coldway. The court then molded the verdict to show a verdict in favor of the Bucks and against Viskoe and added delay damages to the verdict for a total of $61,200.00 due from Viskoe. Judgment was entered on the verdict on September 21, 1987.

On the same day, Buck filed a praecipe for a writ of execution against Carolina Casualty Company, Viskoe's insurer. The writ was filed on September 25, 1987. Carolina Casualty filed preliminary objections challenging the court's jurisdiction over their insured, the Viskoe Trucking Company, on several grounds, among which was the claim that the service of process by publication on Viskoe was void because the complaint was not viable at the time of service. By order of April 20, 1988 Judge Caesar granted Carolina's preliminary objections. His order states in pertinent part:

... the Amended Preliminary Objections are sustained and Plaintiffs' Writ of Execution and Post Judgment Garnishment Interrogatories against said Garnishee are DISMISSED for the reason that valid process was never served upon D.J. Viskoe Trucking, Inc., and, therefore, the Court has no jurisdiction over Garnishee, Carolina Casualty Insurance Company.

Order of April 20, 1988. The order struck the judgment entered on September 21, 1987. The Bucks now appeal from this order.

The Bucks present their issue on appeal in the following terms:

Was the order of Court entered by the Honorable Charles Lord on May 10, 1982 permitting service by publication void?

In other words, the Bucks challenge Judge Caesar's voiding of the service approved by Judge Lord.

 First, the trial court's decision reversing Judge Lord was incorrect. Judge Lord's order effectively completed good service of a viable complaint by publication upon Viskoe. Therefore, the lower court abused its discretion in finding Judge Lord's decision in error. *See Bandes v. Klimoski*, 260 Pa.Super. 137, 393 A.2d 1050 (1978). The issue is resolved simply, by application of the then-operative rule, former Pa.R.C.P. 2254(b), rescinded June 20, 1985, effective Jan. 1, 1986, now replaced by Pa.R.C.P. 425. The rule states in pertinent part:

(b) The writ, or the complaint of the defendant ... shall be served within thirty days after the commencement of the action to join, unless the time be extended by the court upon cause shown.

Pa.R.C.P. 2254(b) (rescinded). Coldway filed its complaint to join additional Defendant Viskoe on September 11, 1981. It is not disputed that the *manner* of service was good; Judge Lord granted leave and Coldway properly completed service by publication. Carolina argues that the served complaint was void because it had not been reinstated within thirty days after its filing date of September 11. Neither the plain language of the old rule nor any case authority supports this position. The rule merely requires that the party seeking joinder present the court with "cause shown" why service could not be completed within the thirty days. "Reinstatement" of a complaint only becomes relevant when the party seeking joinder acts without leave of the court. *See* Pa.R.C.P. 1010. As stated in Goodrich

Amram, the application for an extension under Rule 2254 may be made at any time *either before or after* the expiration of the 30–day period. A footnote further explains that this procedure abrogated that in original rule 2255 requiring that the application be made within the original sixty-day period. 8 Goodrich Amram 2d § 2254(b):4 (1977); 4A Anderson Pennsylvania Civil Practice § 2254.15 (1962).

■ Carolina's argument, which the trial court accepts, that Judge Lord's granting of Coldway's petition to effect service upon Viskoe was void because the complaint was no longer viable, begs the question. Rule 2254(b) contemplates that by granting Coldway leave to serve process by publication, Judge Lord was at the same time validating the complaint. No authority exists to the contrary. All the cases relied upon by the trial court, which are in turn relied upon by Carolina, present fact situations either where a complaint was served beyond the thirty days without leave of court, or where the court granted leave without having sufficient "cause shown" before it. These cases are therefore inapposite.

In *Mowrey (now Issacs) v. Stein Beer Company,* 78 Pa.D. & C. 89 (1951), the challenged service was effected seven months after the filing of the complaint, and leave of court was neither requested nor given. The court explained that, had leave of court been requested, the court could grant leave only if the party seeking joinder had presented cause shown, and emphasized that a court could not grant leave simply as a matter of course. *In Christman v. Chadderton,* 55 Pa.D. & C. 325 (1945), application was made to the court for leave to serve a complaint beyond the (original) 60–day time period, and leave was granted. However, the challenge to the service was sustained because the court heard no evidence, nor did the party seeking joinder present the court with any, to document reasons for the delay. The only published appellate opinion on this issue, *Bandes v. Klimoski, supra,* addresses a situation in which writs were reissued and served four months after expira-

tion of the thirty days "without the permission of Court as contemplated by Pa.R.C.P. 2254(b)." *Bandes,* 260 Pa.Super. at 141, 393 A.2d at 1052. In none of these cases was a second Common Pleas judge reviewing a decision by a previous judge that sufficient cause had been shown to allow the court to grant leave to file the complaint beyond the prescribed period, as is true in the present case.

Judge Lord accepted Coldway's "cause shown," as indeed he should have. Coldway successfully demonstrated that it had assiduously pursued Viskoe, first by mail, then by private detectives. At no time during the eight-month period between the September 11, 1981 filing of the third-party complaint and the court's May 10, 1982 order did Coldway neglect the suit. Further, Viskoe was in no way prejudiced by being served on May 10, 1982 instead of in September of 1981. Lengthy pre-trial proceedings delayed the trial until November of 1986. Viskoe had ample time to defend effectively if it so chose. Further, Viskoe's position was actually fully represented at trial by Coldway.

■ Notwithstanding the invalidity of his ruling, it was improper for Judge Caesar to "relitigate" and to reverse the law of the case already established by the motions court. Judge Lord, serving as motions judge, rendered a decision on the issue of whether Viskoe could be validly served by publication. His order of May 10, 1982 ruled that they could. Each judge considered the same facts and the same arguments. Judge Caesar merely reversed Judge Lord's decision. To do this was improper. *Reed v. Reed,* 354 Pa.Super. 284, 288–289, 511 A.2d 874, 876 (1986). It is well settled in Pennsylvania that a trial judge may not pass upon the decision of another trial judge of the same court on an interlocutory matter. *Reifinger v. Holiday Inns, Inc.,* 315 Pa.Super. 147, 461 A.2d 839 (1983). No new evidence was presented to Judge Caesar on this issue. *See Commonwealth v. Madden,* 342 Pa.Super. 120, 492 A.2d 420 (1985). There is no question that Judge Lord's allow-

ance of joinder of the third-party defendant Viskoe was an interlocutory order; *see Robert Wooler Co. v. Fidelity Bank*, 330 Pa.Super. 523, 479 A.2d 1027 (1984); it neither ended the litigation nor put any party out of court. Judge Lord's decision became the law of the case on the issue of whether service to Viskoe was good and should have been followed by Judge Caesar.

■ Neither is it relevant that Carolina had not previously been in the action. Carolina had been notified of the suit by Coldway three years before trial and had affirmatively decided to do nothing. Letter of August 16, 1983. We do not question the propriety of Carolina's challenge to the execution of judgment. As garnishee/insurer in this action for the first time, Carolina is entitled to defend by asserting any defense that was available to Viskoe in the main action. *Matthews v. Malloy*, 217 Pa.Super. 338, 272 A.2d 226 (1970). Therefore, Carolina is entitled to plead the court's lack of jurisdiction over Viskoe in that Viskoe was served with a void complaint.

However, as explained above, Judge Lord's order allowing service validated the complaint and became the law of the case on this issue. A different situation would have presented itself had Carolina asserted the court's lack of jurisdiction over *itself;* this issue had obviously not been previously decided. However, Carolina did not raise this issue. Last, Carolina did not argue, nor could it, that it was not responsible for indemnifying Viskoe. It is well-settled that, in a garnishment proceeding, a verdict winner can assert the insured's claim against the insurer as assignee of the insured. *Alfiero v. Berks Mutual Leasing Company*, 347 Pa.Super. 86, 500 A.2d 169 (1985); *see Malley v. American Indemnity Corp.*, 297 Pa. 216, 146 A. 571 (1929). That Viskoe did not defend the suit does not affect the insurer's liability. *Id.*

Judge Caesar's action becomes inequitable as well as improper when viewed in its procedural context. In the

pretrial stage of the case, Judge Lord allowed service by publication and thus effective joinder of third-party defendant Viskoe. Judge Caesar presided over the jury trial. The jury returned a verdict for the Bucks. The jury exonerated those responsible for the middle vehicle, the Klotz/Forte vehicle. The jury's verdict placed liability for the accident upon the Ewing/Coldway/Viskoe vehicle. Ewing, the driver, was not a defendant in the case. After the jury verdict was rendered, Judge Caesar presided over the motion of the Bucks and Coldway to release Coldway on the grounds that Viskoe, trip lessors, carried the primary insurance for the trip. While the Bucks must of course accept the consequences of releasing Coldway, it must also be borne in mind that they did so in reliance on the knowledge that Viskoe was a default defendant in the case. Fundamental fairness precludes the court from allowing a judgment molded against a party that had been held to be in the case before the trial began and then declare that that same party was never in the case after all after the jury had found them liable.

We conclude that Judge Caesar reversed the law of the case, thus taking action beyond the power conferred upon his court by the case law of this Commonwealth. Hence, we declare his order void. See *Marzullo v. Stop–N–Go Food Stores,* 364 Pa.Super. 106, 527 A.2d 550 (1987) (Brosky, J. dissenting).

We find Carolina's remaining arguments to be frivolous in addition to being inadequately developed so as to present no issues for our review.

For the foregoing reasons, we vacate the order of April 20, 1988 and remand to allow the court to reinstate the judgment of September 21, 1987 against Viskoe Trucking Company and to proceed with the execution of the judgment.

Order vacated. Case remanded. Jurisdiction relinquished.