609 A.2d 873

**John E. SMITH**

v.

**CITY OF PHILADELPHIA and D. Coren.**

**Appeal of CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued March 3, 1992.

Decided May 14, 1992.

Marie Lasota, Asst. City Sol., for appellant.

Edgar N. Persons, III, for appellee.

Before McGINLEY and SMITH (P.), JJ., and NARICK, Senior Judge.

SMITH, Judge.

█ The City of Philadelphia (City) appeals from an order of the Court of Common Pleas of Philadelphia County which sustained the preliminary objections of additional defendant D. Coren (Coren) and dismissed the City's attempted joinder of Coren. The issue raised by the City is whether the trial court committed an error of law or abused its discretion in holding that the City did not comply with Pa. R.C.P. Nos. 2253, 425, and 401.[1] For the following reasons, the trial court's order is reversed.

On April 5, 1988, John E. Smith (Smith) tripped and fell on a street in Philadelphia and sustained injuries as a result of that fall. According to Smith's complaint filed against the City on March 28, 1990 and served on April 2, 1990, his fall was allegedly caused by a hole in the street which was negligently maintained by the City. The City filed its answer on April 20, 1990, specifically denying Smith's allegations and raising in new matter that Coren was solely liable to Smith or jointly and severally liable over to the City. The City's averment was based on its investigation which revealed that

---

1. This Court's scope of review of the trial court's order is limited to determining whether the trial court committed an error of law or abused its discretion. *Wurth v. City of Philadelphia*, 136 Pa. Commonwealth Ct. 629, 584 A.2d 403 (1990).

Coren, a plumber, had been granted a permit for excavation on the date in question at the location involved.

Also on April 20, 1990, the City filed a complaint against Coren joining him as an additional defendant. Attempts to serve Coren were unsuccessful and the sheriff's return of service was marked "not found" on May 29, 1990. The City thereafter filed a petition for alternative service which stated that Coren was avoiding service in this action. This petition was granted by the trial court on September 19, 1990, and the City reinstated its complaint against Coren on September 25, 1990, and again on October 15, 1990. Coren was finally served with the reinstated complaint on October 25, 1990.

Coren then filed preliminary objections contending that the City's complaint was served on Coren beyond the sixty days permitted by Pa.R.C.P. No. 2253. In response, the City asserted that it had complied with Rule 2253 by filing the joinder complaint within sixty days of service of Smith's complaint upon the City. However, on February 13, 1991, the trial court granted Coren's preliminary objections on the basis that the City's reinstatement of the complaint was accomplished beyond the sixty-day period, and that a request for joinder made after the running of the applicable two-year statute of limitations was not permitted.

Pa.R.C.P. No. 2253 provides as follows:

Except as provided by Rule 1041.1(e), neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than sixty days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown.

Coren contends in his preliminary objections before the trial court and in his brief to this Court that the City's complaint was properly dismissed because the City failed to *serve* its joinder complaint within sixty days of service of Smith's complaint on the City. Rule 2253, however, only requires that the City *file* its joinder complaint within sixty days of service

upon the City of Smith's complaint. The City clearly did so. Coren cites no authority for his position that the City also had to serve the complaint within the sixty day period and, indeed, none can be found. Coren's argument therefore misperceives both the plain language of Rule 2253 as well as the trial court's basis for its decision that Rule 2253 required not service, but *reinstatement* within sixty days.

Since Rule 2253 only addresses the *filing* of a complaint for joinder, the requirements for service and reinstatement contained in Pa. R.C.P. Nos. 401 and 425 must be considered. Rule 425 states in part: "Original process shall be served upon an additional defendant who is not already a party to the action in the same manner as if he were an original defendant." Rule 401 applies to the manner in which process is to be served upon original defendants:

TIME FOR SERVICE. REISSUANCE, REINSTATE-. MENT AND SUBSTITUTION OF ORIGINAL PROCESS. COPIES FOR SERVICE

(a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.

. . . .

(b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon 'reissued' in the case of a writ or 'reinstated' in the case of a complaint.

(2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.

. . . .

(4) A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by Rule 404 after reissuance, reinstatement or substitution.

■ Although Rule 401(a) requires service within thirty days, the suit is not dead merely because the complaint has not been served within thirty days of its filing. *Fox v. Thompson*, 377 Pa. Superior Ct. 39, 546 A.2d 1146 (1988). Service made after the expiration of the thirty days does not render the complaint a nullity. *Buck v. Coldway Food Express, Inc.*, 383 Pa. Superior Ct. 580, 557 A.2d 404, *appeal denied*, 525 Pa. 623, 578 A.2d 411 (1989); *Fox.* Under Rule 401(b), the City's complaint may be reinstated without requiring that the City commence a new lawsuit. *Sherry v. Trexler–Haines Gas, Inc.*, 373 Pa. Superior Ct. 330, 541 A.2d 341 (1988). All that is required for the City to extend the time for service is to reinstate the complaint before service is again attempted. *Sherry; Wible v. Apanowicz*, 306 Pa. Superior Ct. 262, 452 A.2d 545 (1982). Accordingly, the trial court erred in reaching its conclusion that Rule 2253 required reinstatement of the City's complaint within sixty days of original service upon the City.

■ Further, the sixty-day time limit for filing the joinder complaint under Rule 2253 is inapplicable to the service and reinstatement requirements of Rule 401. A complaint not served within thirty days after filing may be reinstated at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for the underlying action. *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976); *Fox; Wible.* The applicable statute of limitations for the underlying action sub judice is two years. Thus, the City could reinstate its complaint at any time or any number of times within two years from the date of its joinder complaint against Coren as the City's complaint began a new statute of limitations period equal to that of Smith's underlying action. *See Lamp; Yefko v. Ochs*, 437 Pa. 233, 263 A.2d 416 (1970); *Sherry; Bowman v. Mattei*, 309 Pa. Superior Ct. 486, 455 A.2d 714 (1983). The trial court therefore further erred in its conclusion that the City's request for joinder was not permitted because it was made after the running of the two-year limitations period applicable to Smith's action.

■ Here, the City filed its joinder complaint within sixty days of receiving service of Smith's original complaint; it properly reinstated the joinder complaint well within the applicable two-year limitations period; and it served Coren with the joinder complaint within thirty days of reinstatement. Inasmuch as the City properly followed all of the necessary procedures in keeping its cause of action alive, the trial court erred in dismissing the City's joinder complaint.[2] Accordingly, the trial court's order is reversed.

## ORDER

AND NOW, this 14th day of May, 1992, the order of the Court of Common Pleas of Philadelphia County is reversed and this case is remanded to that court for proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

---

**2.** Although the trial court did not specifically address this issue, Coren stresses that the trial court's order is justified because the City did not explain or give reason for its delay in seeking reinstatement of its joinder complaint. This argument, however, ignores that the Pennsylvania Rules of Civil Procedure no longer require that a party show cause to the court before a reinstatement is granted. *Fox; Sherry.*