Christopher B. ZELENAK and Carla B. Zelenak, Appellees

v.

Krista MIKULA and Raymund F. Mikula.

Appeal of Krista Mikula, Appellant.

Superior Court of Pennsylvania.

Argued Aug. 29, 2006.
Filed Nov. 8, 2006.

---

4. It is undisputed that the cab was owned by Kamal Cab Company.

Marcia H. Haller, Erie, for appellant.

James L. Moran, Erie, for appellees.

BEFORE: HUDOCK, BENDER and TAMILIA, JJ.

OPINION BY BENDER, J.:

¶ 1 Krista Mikula (Appellant) appeals from the order granting Christopher B. Zelenak and Carla B. Zelenak (Appellees) costs of $561.50 following a trial at the conclusion of which a jury awarded Appellees $7,000 in their negligence action

against Appellant. Appellant raises several arguments in support of her sole claim that the trial court either erred or abused its discretion in awarding Appellees the $561.50. For the following reasons, we affirm in part and reverse in part.

¶ 2 The facts of this case are simple and straightforward. On April 2, 2003, Appellees filed their Complaint against Appellant in which they alleged that while Krista Mikula was operating a vehicle, she struck the vehicle operated by Christopher B. Zelenak, and caused him personal injuries. The Complaint requested damages in excess of $30,000. On October 3, 2005, in a pretrial conference, Appellant offered Appellees $11,500 to settle the case. Appellees declined the offer and the matter proceeded to trial. On October 13, 2005, a jury returned a verdict in favor of Appellees in the amount of $7,000.

¶ 3 Neither party filed post-trial motions and judgment was entered on October 31, 2005. Appellees then filed a Bill of Costs in the amount of $787.30, seeking reimbursement for court costs as well as the costs of several deposition transcripts. Appellant filed an objection to the Bill of Costs, but on January 5, 2006, the court awarded Appellees costs in the amount of $561.50, which included the costs of two deposition transcripts. The court relied upon Erie Co.L.R. 308 as its basis for awarding the costs of the deposition transcripts. Appellant then filed this appeal raising the following four questions for our review:

A. Whether the trial court committed an error of law when it concluded that Appellees Zelenak were prevailing parties entitled to recover costs?

B. Whether the trial court abused its discretion in awarding costs to Appellees Zelenak after they had rejected an offer to settle the case for an amount that was [more] than what they ultimately recovered at trial?

C. Whether the trial court erred in awarding Appellees Zelenak the cost of obtaining the deposition transcripts of Edward Engel, M.D. and Jithendrai Rai, M.D., pursuant to Erie Co.L.R. 308(c)(1), because the court of Common Pleas of Erie County does not have authority to promulgate a local rule that enables a prevailing party to recover such costs?

D. Whether the trial court erred in awarding Appellees Zelenak the cost of obtaining the deposition transcripts of Edward Engel, M.D. and Jithendrai Rai, M.D., pursuant to Erie Co.L.R. 308(c)(1), because even if the Court of Common Pleas of Erie County had authority to promulgate Rule 308, its application in this case fails to conform to the standards set forth in 42 Pa.C.S.A. § 1726?

Brief for Appellant at 5.

■ ¶ 4 "It is a general rule in our judicial system, stemming from the Statute of Gloucester, 6 Edw. 1, c. 1 (1275), that costs inherent in a law suit are awarded to and should be recoverable by the prevailing party." *De Fulvio v. Holst*, 239 Pa.Super. 66, 362 A.2d 1098, 1099 (1976). Important to our analysis of all of Appellant's issues is the distinction between record costs (such as filing fees) and actual costs (such as transcript costs and witness fees). Record costs are "the costs of proceeding in court, not those of preparation, consultation, and fees generally." *Id. See also Harmer v. Horsham Hospital, Inc.*, 60 Pa.Cmwlth. 525, 431 A.2d 1187, 1188 (1981) (stating that "the law is clear that, absent specific statutory authority otherwise, only record costs of proceedings in court are

recoverable, and not costs of preparation, consultation, or fees generally").

■ ¶ 5 In the first question presented for our review, Appellant claims that the trial court erred in determining that Appellees were the "prevailing parties" in the trial. Appellant's argument is based on what she considers the inequitable situation in which she is forced to pay costs after making an offer to settle the case for $11,500, which Appellees rejected, with the jury later returning a verdict for Appellees in the lesser amount of $7,000. Under these circumstances, Appellant argues, the trial court's finding that Appellees were the prevailing parties was erroneous because Appellees "failed to obtain a judgment that was more favorable than [Appellant's] settlement offer." Brief for Appellant at 15.

■ ¶ 6 While Appellant's creative argument has some appeal, it is nonetheless without basis under Pennsylvania law. Recognizing this, Appellant relies entirely upon persuasive authority from other jurisdictions to support this argument. She cites statutes from Colorado and California, see C.R.S. § 13–17–202(1)(a)(II) and Cal.C.C.P. § 998(c)(1), and Rule 68 the Federal Rules of Civil Procedure. All of these statutes or rules bar a party from recovering costs incurred after the party has rejected a settlement offer higher than the amount ultimately awarded in the verdict. However, the Pennsylvania Legislature has not enacted a statute to such effect nor has our Supreme Court promulgated such a rule. The plain meaning of "prevailing party" is the party who wins the lawsuit. In this case, it was Appellees, and consequently, they were entitled to record costs.

¶ 7 In the second question presented for our review, Appellant argues that the trial court abused its discretion in awarding costs. In support of this argument, Appellant cites Section 1726 of the Judicial Code, which states, in pertinent part:

(2) The prevailing party should recover his costs from the unsuccessful litigant except where the:

(i) Costs relate to the existence, possession or disposition of a fund and the costs should be borne by the fund.

(ii) Question involved is a public question or where the applicable law is uncertain and the purpose of the litigants is primarily to clarify the law.

**(iii) Application of the rule would work substantial injustice.**

42 Pa.C.S. § 1726(a)(2) (emphasis added). Appellant recycles her prior argument, and claims that since she offered to settle the case for an amount greater than what Appellees received from the jury, it would be a substantial injustice for Appellant to pay costs.

■ ¶ 8 "At law the general rule is that costs follow as a matter of course, and the court has no discretion to award or deny them." *Gold & Co., Inc. v. Northeast Theater Corp.*, 281 Pa.Super. 69, 421 A.2d 1151, 1154 (1980). While Appellant may view this situation as working an injustice, we view it as hardly so, and instead see it as a rather common occurrence. Pre-trial, parties frequently negotiate figures that are widely divergent from the ultimate verdict. It certainly is not unusual for a jury to return a verdict in an amount less than that offered by a defendant. The normal course is that the party that won the lawsuit is nonetheless entitled to then recover costs. We find no extraordinary circumstances in this case that should have compelled the trial court to deviate from this general rule. Having discerned no substantial injustice under these facts, we conclude that the trial court correctly determined that Appellees were entitled to record costs.

¶ 9 In the third question presented for our review, Appellant claims that the Court of Common Pleas of Erie County did not have the authority to promulgate Erie Co.L.R. 308, a rule which permits the recovery of deposition transcript costs under certain circumstances. We agree with Appellant's argument and find that although the trial court did not err or abuse its discretion in deciding that Appellees were entitled to record costs, it did err in awarding them the costs of the deposition transcripts pursuant to Rule 308.

¶ 10 Pursuant to 42 Pa.C.S. § 323, a Court of Common Pleas may promulgate local rules for practice and procedure. *See Stewart v. Owens–Corning Fiberglas,* 806 A.2d 34, 39 (Pa.Super.2002); *Grossman v. Mitchell,* 291 Pa.Super. 385, 435 A.2d 1280, 1282 (1981). "These rules are to be given weight equal to those established by our Supreme Court as long as they do not abridge, enlarge, or modify substantive rights of the litigant." *Grossman,* 435 A.2d at 1282.

¶ 11 In *Stewart,* the plaintiffs brought an action against the defendants arising from one of the plaintiffs' diagnoses with asbestosis and restrictive lung disease. At the conclusion of trial, the jury returned a verdict in favor of the plaintiffs. The trial court then ordered the defendant to pay sanctions in the amount of the "costs of conducting trial" for its refusal to settle the case.[1] Pursuant to Philadelphia Local Rule 212.2, a trial judge has the authority to sanction a non-settling party under certain circumstances by ordering that party to pay "reasonable costs as result of the party's refusal to settle . . . ." Phil. Co.L.R. 212.2(I).

¶ 12 On appeal, the defendant argued that the Court of Common Pleas of Philadelphia County was without authority to adopt this rule. In Pennsylvania, the imposition and taxation of court costs is vested in our Supreme Court pursuant to Section 1726(a), which states:

> (a) **Standards for costs.**—The governing authority shall prescribe by general rule the standards governing the imposition and taxation of costs, including the items which constitute taxable costs, the litigants who shall bear such costs, and the discretion vested in the courts to modify the amount and responsibility for costs in specific matters. All system and related personnel shall be bound by such general rules. In prescribing such general rules, the governing authority shall be guided by the following considerations, among others:

42 Pa.C.S. § 1726(a). *See also* 42 Pa.C.S. § 102 (defining the governing authority as the Supreme Court). Pursuant to this authority, the Supreme Court has promulgated rules such as Pa.R.C.P. 4019, which permits a trial court to enter an order taxing as costs against another party reasonable expenses arising from that party's discovery violations. *See* Pa.R.C.P. 4019(d), (h).

¶ 13 In *Stewart,* we held that Philadelphia Local Rule 212.2 was invalid because our Supreme Court had not granted the Court of Common Pleas the authority to create such a rule, and because pursuant to 42 Pa.C.S. § 1726(a)(3), actual costs could only be imposed for a violation of the rules of court. We reasoned as follows:

> While 42 Pa.C.S.A. § 1721 permits the Supreme Court to delegate certain su-

---

**1.** The defendant/appellant in *Stewart* failed to include the transcripts of the trial proceedings in the certified record on appeal, and this may be the reason why this Court did not indicate what the specific costs were. *See*

*Stewart,* 806 A.2d at 37 n. 3. But twice we referred to the costs as the "costs of conducting a trial," and our analysis in *Stewart* implies that the trial court ordered the defendant to pay actual costs. *Id.* at 38–39.

pervisory and administrative powers, 42 Pa.C.S.A. § 323 directs that every court shall have only the power to make rules and orders which are not prescribed by the Supreme Court's general rules. Section 1726 states that the Supreme Court is the authority authorized to prescribe by general rules the standards governing the imposition and taxation of costs. 42 Pa.C.S.A. § 1726.... It further directs that "all system and related personnel shall be bound by such general rules." 42 Pa.C.S.A. § 1726(A). In speaking with regard to the imposition of actual costs, Section 1726 directs that the Supreme Court be guided by consideration that "[t]he imposition of actual costs or a multiple thereof may be used as a penalty for violation of general rules or rules of court." 42 Pa.C.S.A. § 1726(A)(3). We can find no authority granted to the Philadelphia Court of Common Pleas to create a rule which in certain circumstances, unrelated to a penalty for violation of a particular rule, adds to the taxable cost of the case.

We recognize that the courts of this Commonwealth have a legitimate interest in resolving cases in a timely fashion, and may seek to require parties to participate in settlement discussions as an aid to that end. Nevertheless, there is no authority authorized by our Supreme Court to direct the payment of costs of conducting a trial to a litigant who refuses to settle. Accordingly we agree with Appellant's contention that Philadelphia Local Rule 212.2 is invalid and we reverse the order that imposed a sanction upon Appellant.

*Stewart,* 806 A.2d at 38–39.

¶ 14 In the instant case, Appellant claims that Erie County Local Rule 308 is invalid. In pertinent part, Rule 308 states:

**(c)** Deposition transcript costs shall not be taxable costs except in the following instances:

(1) Deposition transcript costs shall be taxable where a substantial portion of the Deposition transcript is in fact introduced at trial as substantive evidence.

(2) Deposition transcript costs shall be taxable in those instances where the transcript was in fact used by the Court in its determination and was filed for that purpose.

(3) Where the deposition at issue was a videotape deposition, the costs of the videotape shall not be taxable but only the transcript of said deposition if one was in fact obtained.

Erie Co.L.R. 308(c). Thus, under Rule 308(c), a party may be taxed the costs of deposition transcripts for no reason other than the fact that the party lost its case. Certainly, Section 1726 does not permit these costs to be taxable and there is no authority that vests the Erie County Court of Common Pleas to designate such costs as taxable. Therefore, we hold that Rule 308(c) is invalid because it permits a prevailing party to recover the costs of deposition transcripts against a party who has not violated any rule of court and because our Supreme Court has not delegated to the Erie County Court of Common Pleas the authority to create such a rule.[2]

¶ 15 Order affirmed in part and reversed in part.

**2.** As we have concluded that Rule 308(c) is invalid, there is no need to address Appellant's fourth question which challenges its application under the facts of this case.