# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Wagner, Capitol Police     :
Officer,     :
             Appellant     :
    :   No. 2247 C.D. 2014
          v.     :
    :   Argued: December 7, 2015
Pennsylvania Capitol Police     :
Department, Department of     :
General Services, and Gregory A.     :
Green, Individually and in his     :
Official Capacity as Director of     :
the Bureau of Human Resources,     :
Richard Shaffer, in his Individual     :
Capacity and as acting as     :
Superintendent of the Capitol     :
Police, Robert J. Dillard, in his     :
Individual Capacity and as acting     :
as Deputy Superintendent of the     :
Capitol Police     :

BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION BY
JUDGE McCULLOUGH                      FILED: January 15, 2016

Keith Wagner (Wagner) appeals from the November 17, 2014 order of the Court of Common Pleas of Dauphin County (trial court) granting in part his motion for attorney fees and costs and denying his motion for delay damages.

## Facts/Procedural History

Wagner began his employment with the Pennsylvania Capitol Police Department in 1998. In 2004, Wagner sustained physical injuries when a suspect tried to run him over, and he subsequently developed a seizure disorder that prevented him from carrying a weapon, driving, or directing traffic. Wagner was off work during September and October 2005. When his doctor released him to return to light duty work on October 17, 2005, the Capitol Police did not reinstate him, stating that it did not have a position available within his restrictions. Wagner returned to work in January 2006 when a positon within his restrictions became available and was approved by his doctor.

On July 5, 2007, Wagner filed a complaint in the Court of Common Pleas of Lackawanna County under 42 U.S.C. §1983 and the Pennsylvania Human Relations Act (PHRA)[1] against the Capitol Police; the Department of General Services; Gregory A. Green, individually and in his official capacity as Director of the Bureau of Human Resources; Richard Shaffer, in his individual capacity and as acting Superintendent of the Capitol Police; and Robert J. Dillard, in his individual capacity and as acting Deputy Superintendent of the Capitol Police (collectively, Appellees). Specifically, Wagner alleged that Appellees refused to allow him to return to work when his physician released him on October 17, 2005, and denied him a pre-deprivation and a post-deprivation hearing. Count I of the Complaint asserted a violation of Wagner's constitutional right to due process and requested all remedies available under §1983; Count II asserted a violation of the PHRA against all Appellees; Count III asserted a violation of the PHRA against Appellees Green,

---

[1] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§951-963.

2

Shaffer, and Dillard; and Count IV asserted negligent supervision claims against Appellees Shaffer and Dillard.

On July 23, 2007, Appellees removed the matter to the Federal District Court for the Middle District of Pennsylvania. On February 23, 2009, the district court granted Appellees' motion for summary judgment with respect to the federal constitutional claims and remanded the remaining state law claims to the Court of Common Pleas of Lackawanna County.

In 2008, Wagner filed a second complaint based on events that occurred in 2007. In that complaint, Wagner alleged that, in retaliation for Wagner's filing of the first action, Appellees and Connie Tennis issued an ultimatum for him to return to work in full-duty capacity or be discharged. However, the present appeal involves only the first complaint, docketed at No. 2009-CV-13930-CV.

At Appellees' request, both actions were transferred to the Court of Common Pleas of Dauphin County. Following the transfer, there was no docket activity for at least two years, resulting in the issuance of a Notice of Proposed Termination on June 1, 2012. Wagner simultaneously filed a Statement of Intent to Pursue Action and a Certificate of Trial Readiness on July 23, 2012.[2]

A jury trial was held on August 11-13, 2014. The jury found that Appellees did not provide reasonable accommodations to Wagner when they refused to allow him to return to work in a light duty position in the communications room in October 2005. The jury awarded Wagner $14,000.00 in lost wages; however, it did not award him any damages for mental anguish, embarrassment, or humiliation.

_____

[2] Wagner stated that he had filed a certificate of trial readiness in Lackawanna County before the cases were transferred and did not realize that he had to file one in Dauphin County.

3

Wagner filed three post-trial motions, requesting: (1) $125,420.87 in attorney fees and costs; (2) delay damages; and (3) reinstatement of his seniority. The trial court granted Wagner's motion to reinstate his seniority; granted his request for attorney fees and costs in part, awarding $5,600.00 representing 40% of the jury's award; and denied his request for delay damages.[3]

On December 11, 2014, Wagner filed a notice of appeal, which was returned due to his failure to follow service requirements. He filed an amended notice of appeal on January 30, 2015.

In its opinion, the trial court first stated that Wagner did not provide any case law or cite any rule of court to support his request for delay damages. The trial court noted that Pa.R.C.P. No. 238 (Rule 238) provides that delay damages can be added to compensatory damages "in a civil action *seeking monetary relief for bodily injury, death or property damage*." Rule 238(a)(1) (emphasis added). Additionally, the trial court observed that delay damages cannot be awarded for any time period within which the plaintiff caused the delay. Rule 238(b)(ii). The trial court explained that this matter was an action for employment discrimination; there were no allegations that Wagner suffered bodily injury, death, or property damage as a result of the alleged employment discrimination; therefore, delay damages are not available under Rule 238.

The trial court also noted that there had been no docket activity from October 2009, when the matter was transferred to Dauphin County, to July 20, 2012, when the notice of proposed termination was filed and Wagner filed a certificate of trial readiness, asserting that he had previously filed one in Lackawanna County prior to the transfer. However, the certificate of readiness was not included in the

---

[3] The trial court also denied Appellees' post-trial motion requesting a new bench trial.

documents that were transferred to Dauphin County. Appellees filed objections to the certificate of readiness, asserting that the certificate was improperly filed in Lackawanna County prior to any discovery on the state law claims and that it was also improperly filed in Dauphin County because discovery had not yet been completed, Wagner's counsel failed to consult with Appellees' counsel with respect to trial dates, and there had not been any attempt at settlement. The trial court granted Appellees' objection and the trial was removed from the October 2012 trial list. Based on those circumstances, the trial court concluded that any delay between October 2009 and July 20, 2012, was caused by Wagner's failure to follow the rules of civil procedure and the local rules of court and, therefore, delay damages would be inappropriate.

The trial court next addressed Wagner's request for $125,420.87 in attorney fees and costs. The trial court noted that, under the PHRA, a court may award attorney fees and costs to the prevailing plaintiff if the court finds that a defendant engaged in or is engaging in any unlawful discriminatory practices as defined in the act, and that an award of attorney fees and costs is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *Hoy v. Angelone*, 720 A.2d 745, 748, 752 (Pa. 1998). The trial court explained that, in contrast to the pervasive sexual harassment at issue in *Hoy*, no evidence was presented that Appellees engaged in or continued to engage in pervasive discriminatory behavior. In addition, the trial court stated that the fee agreement between Wagner and his counsel was not submitted into evidence. Finally, it appeared to the trial court that the records that were submitted by Wagner's counsel reflected work relating to both actions Wagner filed, as well as claims on which he did not prevail. Accordingly, the trial court concluded that no additional attorney fees were warranted in this case.

5

## Issues

On appeal to this Court, Wagner asserts that the trial court erred by not awarding costs as a matter of course to the prevailing party; by awarding less than the full amount of attorney fees; and by denying delay damages where Appellees never made a settlement offer.

## Discussion

### Costs

Wagner first argues that the trial court erred by not awarding costs to the prevailing party. In making this argument, Wagner quotes a passage from *Zelenak v. Mikula*, 911 A.2d 542, 544-45 (Pa. Super. 2006): "[i]t is a general rule in court judicial system . . . that costs inherent in a law suit are awarded to and should be recoverable by the prevailing party. . . . At law the general rule is that costs follow as a matter of course, and the court has no discretion to award or deny them." Wagner contends that the trial court did not have discretion to deny his request for costs because they are given as a matter of course to the prevailing party.

In this brief section of his argument, Wagner offers no summary of *Zelenak*, cites no other authority, and fails to elaborate. In fact, *Zelenak* was a negligence action; on appeal, the Superior Court held that the prevailing party was entitled to record costs (costs of proceeding in court/filing fees) under 42 Pa.C.S. §1726(a)(2). In this appeal, however, the issue of costs is governed by section 12(c.2) of the PHRA, added by the Act of December 20, 1991, P.L. 414, 43 P.S. §962(c.2).

Appellees respond that Pennsylvania follows the American Rule, i.e., litigants are responsible for their own litigation costs and may not recover them from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception. *In Re Farnese*, 17 A.3d 357, 370 (Pa. 2011). The relevant section of the PHRA states that "if, after a trial held pursuant to subsection (c), the [trial court] finds that a defendant engaged in or is engaging in any unlawful discriminatory practice as defined in this act, the court may award attorney fees and costs to the prevailing plaintiff." 43 P.S. §962(c.2). The use of the term *may* "signals the legislature's intent to rest the award of counsel fees and costs within the discretion of the trial court." *Hoy*, 720 A.2d at 751. Thus, the award of counsel fees and costs under the PHRA is within the sound discretion of the trial court and will not be reversed unless the trial court commits an abuse of discretion. *Id.* at 752. This standard requires a showing of "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Id.* In *Hoy*, our Supreme Court held that the trial court acted within its discretion in denying attorney fees and costs to a prevailing party under the PHRA. In so holding, the court rejected the argument that the PHRA mandates an award of attorney fees and costs, explaining as follows:

> Appellant and amici argue that [43 P.S. §962(c.2)] should mandate the award of attorney's fees and costs. We disagree. Use of the term "may" signals the legislature's intention to rest the award of counsel fees and costs within the discretion of the trial court. This interpretation is in accord with the statutory construction act which mandates that when the terms of a statute are clear and free from ambiguity, the court shall not disregard the letter of the statute to pursue its spirit. 1 Pa.C.S.A. [sic] §1921(b).

*Hoy*, 720 A.2d at 751.  The court in *Hoy* next rejected the argument that federal law essentially compels an award of attorney fees under the PHRA:

> Appellant and amici argue that analogous federal law points to an award of attorney's fees. Specifically, Appellant argues that an analogous provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e, *et seq.*, in essence, mandates prevailing plaintiffs to be awarded counsel fees and costs unless special circumstances exist which justify no such award.  *Newman v. Piggie Park Enterprises,* [390 U.S. 400 (1968)].  Thus, it is asserted that there is a presumption that a prevailing plaintiff is entitled to an award of counsel fees and costs.
>
> First, we note that we are interpreting a Pennsylvania statute. While we may look to our federal brethren for guidance in interpreting like statutory provisions, we are certainly not bound by these enactments, or decisions relating thereto, in interpreting this Commonwealth's statutes. Second, as noted above*, we believe that the Act clearly and unambiguously states that an award of attorney's fees rests within the sound discretion of the trial court. There is no presumption of attorney's fees and costs under the statute*.  Likewise, the Act does not require the existence of special circumstances to withhold the award of fees and costs.  The General Assembly could have easily created such a presumption if it had so desired. *Thus, we conclude that the award of counsel fees and costs under the Act is within the sound discretion of the trial court and will not be reversed unless the trial court commits an abuse of that discretion.*

*Hoy*, 720 A.2d at 751-52 (emphasis added).  Thus having established that the trial court's decision will not be reversed absent an abuse of discretion, the Supreme Court further elaborated:

> The standard for an abuse of discretion has recently been clarified in this court's decision in *Paden v. Baker Concrete Construction, Inc.,* 540 Pa. 409, 658 A.2d 341 (1995).  In *Paden*, this court set forth the heavy burden that a party

8

complaining of the exercise of a court's discretion must meet noting that "an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Paden,* 540 Pa. at 412, 658 A.2d at 343.

*Hoy*, 720 A.2d at 751-52.

Because the Supreme Court expressly held in *Hoy* that the PHRA does not mandate an award of attorney fees and costs to a prevailing party, we reject Wagner's contention that he is entitled to costs as a matter of course.

<u>Amount of attorney fees</u>

Relying on *Department of Environmental Resources v. PBS Coals, Inc.*, 677 A.2d 868 (Pa. Cmwlth. 1996), *Krebs v. United Refining Company of Pennsylvania*, 893 A.2d 776 (Pa. Super. 2006), and *Logan v. Marks*, 704 A.2d 671 (Pa. Super. 1997), Wagner argues that the trial court erred in awarding attorney fees representing 40% of the jury award, rather than basing the award on the "lodestar method."[4] Under that method, the initial estimate of a reasonable attorney fee is

---

[4] The trial court's order states:

> AND NOW, this 17th day of November, 2014, upon consideration of Plaintiff Keith Wagner's (Plaintiff) Post-Trial Motion for Attorney Fees and Bill of Costs and Brief in Support Thereof, Plaintiff's Supplemental Authority in Support of Motion, Defendants' Capitol Police, et al. (Defendants) Answer to Plaintiff's Motion and Brief in Opposition to Request for Attorney Fees, and Plaintiff's Reply Brief in Support of Motion, IT IS HEREBY ORDERED that said motion is GRANTED IN PART. Defendants shall pay $5,600 unto Plaintiff's counsel, Cynthia L. Pollick, Esquire, representing attorney fees in the amount of forty-percent (40%) of the jury's award to Plaintiff.

**(Footnote continued on next page…)**

9

calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Courts refer to the product of this equation as the lodestar. *PBS Coals*, 677 A.2d at 874.

*PBS Coals* involved a civil enforcement action brought by the Department of Environmental Resources (Department) under the Clean Streams Law[5] and the Surface Mining Conservation and Reclamation Act[6] to compel two coal mining companies to replace the polluted water supplies of several households and a dairy farm. The appellants were individuals who had intervened as plaintiffs to secure replacement of their wells and money damages. Judgment was entered in favor of the Department and the individual plaintiffs, and this Court affirmed.[7] Thereafter, the common pleas court awarded the prevailing individual plaintiffs attorney fees in the amount of 40% of the original verdict, concluding that they were limited to the amounts contemplated by the contingency fee agreement.

On appeal, this Court reversed the common pleas court's holding that a contingency fee agreement precluded an attorney from receiving statutory attorney fees in excess of the amount provided under the fee agreement. In doing so, we noted

---

**(continued…)**

However, while the trial court's order awarded Wagner $5,600 in attorney fees, the trial court's 1925(a) opinion does not acknowledge that award but instead reflects the trial court's conclusion that Wagner was not entitled to any amount of attorney fees: "In the instant case, no fees are warranted. . . . Appellant has presented no clear claim for attorney's fees." (Trial court op. at 8.)

[5] Act of June 22, 1937, P.L. 1987, as amended, 35 P.S. §§691.1-691.1001.

[6] Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. §§1396.1-1396.19a.

[7] *Department of Environmental Resources v. PBS Coals, Inc.*, 534 A.2d 1130 (Pa. Cmwlth. 1987).

that the case upon which the trial court relied did not involve a statute authorizing an award of attorney fees. We next noted that while the Clean Streams Law and the Surface Mining Act provided for an award of attorney fees, neither provided guidance as to how the amount of such an award should be determined. Recognizing that Pennsylvania courts had not interpreted those statutes, we considered federal courts' interpretation of the Clean Water Act, 33 U.S.C. §§1251 – 1387, which has similar aims and nearly identical provisions governing attorney fees. Based on federal court decisions interpreting federal fee-shifting statutes, we held that the existence of a contingency fee agreement was but one of many factors to consider in calculating an award of reasonable attorney fees. *PBS Coals*, 677 A.2d at 874-75. We also noted that federal courts use the lodestar approach to calculate attorney fee awards under all federal fee-shifting statutes, and we remanded for a calculation of attorney fees using that method.[8]

Wagner contends that the trial court's award of attorney fees in the amount of 40% of the damages award conflicts with our analysis in *PBS Coals*. However, as Appellees observe, in *Hoy* our Supreme Court subsequently rejected the argument that a Pennsylvania court's interpretation of section 12(c.2) of the PHRA is controlled by federal law. As set forth above, that court explicitly stated that in interpreting a Pennsylvania statute, "we may look to our federal brethren for guidance in interpreting like statutory provisions, [but] we are certainly not bound by these enactments, or decisions relating thereto, in interpreting this Commonwealth's

---

[8] "Our United States Supreme Court has noted that the lodestar approach is used for all federal fee-shifting statutes." *PBS Coals, Inc.*, 677 A.2d at 874. "The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable fee . . . .'" *Id.* (quoting *City of Burlington v. Dague*, 505 U.S. 557, 561-62 (1992)).

statutes." *Hoy*, 720 A.2d at 751-52. The court in *Hoy* emphasized that "the [PHRA] clearly and unambiguously states that an award of attorney's fees rests within the sound discretion of the trial court." *Id.*

Whereas the decision in *PBS Coals* was reached in an absence of controlling Pennsylvania case law, our analysis in this case in controlled by our Supreme Court's holding in *Hoy*. Accordingly, we review the trial court's award of attorney fees under an abuse of discretion standard. *Id.* at 751-52.

"[A]n abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Paden*, 658 A.2d at 343. In this case, the trial court identified in its opinion the factors it considered in fashioning the award of attorney fees, including the lack of evidence of pervasive discriminatory behavior and Wagner's failure to submit a fee agreement. The trial court also noted that Wagner's request for attorney fees included fees for work associated with the removal to federal court and transfer to Dauphin County, as well as work related to a different complaint and work related to claims that Wagner did not prevail on at trial. The trial court's reasoning does not reflect manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous. Accordingly, whether or not we might have reached a different result, we cannot conclude that the trial court abused its discretion in calculating the award of attorney fees in this matter.

Public policy

Wagner also relies on federal case law to argue that "public policy supports providing full attorney fees to victims of discrimination since it is normal to

12

do the same in Federal court." In particular, Wagner relies on language in federal decisions involving federal fee-shifting statutes, which are intended "to encourage private enforcement of civil rights statutes, to the benefit of the public as a whole." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999). For example, Wagner cites *Student Public Interest Research Group of New Jersey v. AT&T Bell Laboratories*, 842 F.2d 1436 (3d Cir. 1988). The specific fee shifting statute in that case, section 505 of the Clean Water Act, authorizes courts to award reasonable attorneys' fees to parties in citizens' suits "whenever the court determines such award is appropriate." 33 U.S.C. §1365(d). The court held that under the facts presented, which involved a for-profit public interest law firm that had an artificially low billing rate, the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity, rather than the firm's billing rate, was the appropriate hourly rate for computing reasonable attorney fees. Wagner quotes a footnote from that opinion noting that fee shifting is an effective remedy: "civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain." *Student Public Interest Research Group of New Jersey,* 842 F.2d at 1450 n.13. (Wagner's brief at 15.)

As previously indicated, however, our Supreme Court expressly stated in *Hoy* that federal law is not binding in a case under the PHRA: "While we may look to our federal brethren for guidance in interpreting like statutory provisions, we are certainly not bound by these enactments, or decisions relating thereto, in interpreting this Commonwealth's statutes." *Hoy*, 720 A.2d at 752. Because the court held in *Hoy* that there is no presumption of attorney fees and costs under the PHRA, we

13

necessarily conclude that an award of full attorney fees is not mandatory under the statute.

### Delay damages

Wagner's remaining argument is that the trial court erred by not awarding delay damages pursuant to Pa.R.C.P. No. 238 (Damages for Delay in Actions for Bodily Injury, Death or Property Damage), which provides in relevant part that

> (a)(1) At the request of the plaintiff *in a civil action seeking monetary relief for bodily injury, death or property damage,* damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section 7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.

Pa.R.C.P. No. 238(a)(1) (emphasis added).

As the trial court correctly observed, by its plain language, this rule applies to civil actions seeking damages for bodily injury, death, or property damage. Contrary to Wagner's assertion, Rule 238 neither compels nor authorizes an award of delay damages in an employment discrimination case brought under the PHRA.

Based on the foregoing, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Simpson did not participate in this decision.

14

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith Wagner, Capitol Police  :
Officer,  :
    Appellant  :
      : No.  2247 C.D. 2014
    v.    :
      :
Pennsylvania Capitol Police  :
Department, Department of  :
General Services, and Gregory A. :
Green, Individually and in his  :
Official Capacity as Director of :
the Bureau of Human Resources, :
Richard Shaffer, in his Individual :
Capacity and as acting as  :
Superintendent of the Capitol :
Police, Robert J. Dillard, in his :
Individual Capacity and as acting :
as Deputy Superintendent of the :
Capitol Police  :

## *ORDER*

AND NOW, this 15th day of January, 2016, the November 17, 2014 order of the Court of Common Pleas of Dauphin County is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge