J-S29003-17

2017 PA Super 184

| JAMAR OLIVER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| SAMUEL IRVELLO | |
| Appellee | No. 3036 EDA 2016 |

Appeal from the Judgment Entered August 12, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1916 August Term, 2013

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

OPINION BY LAZARUS, J.:                    **FILED JUNE 13, 2017**

Jamar Oliver ("Plaintiff") appeals from the judgment,[1] entered in the

Court of Common Pleas of Philadelphia County, denying his motion to correct

---

[*] Former Justice specially assigned to the Superior Court.

[1]  The order reads:

> AND NOW, this 11th day of August 2015, after consideration of Plaintiff's Motion for Reconsideration regarding the Court's Order entered on August 5, 2015[,] denying Plaintiff's Motion to Correct the Record awarding Defendant's attorney's fees in the amount of $500.00 for responding to the Motion, it is hereby ORDERED that said Motion is DENIED.

Order, 8/11/15.

 "As a general rule, an appellate court's jurisdiction extends only to review of final orders." ***Rae v. Pa. Funeral Directors Ass'n***, 977 A.2d 1121, 1124–25 (Pa. 2008); ***see*** Pa.R.A.P. 341(a). An order denying a motion for reconsideration is not a final order and, thus, not appealable. ***See***
*(Footnote Continued Next Page)*

the record to reflect that he was the verdict winner and awarding counsel for Samuel Irvello ("Defendant") $500.00 in counsel fees. After our review, we affirm in part and reverse in part.

Plaintiff, who had elected the limited-tort[2] option on his motor vehicle insurance policy, filed a personal injury action against Defendant after a motor vehicle accident on May 26, 2011. Following trial, the jury found that: (1) Defendant was negligent; (2) Defendant's negligence was a factual cause of Plaintiff's harm; and (3) Plaintiff "did not sustain a serious impairment of a body function as a result of the accident[.]" **See** Jury Verdict Form, 7/7/15 (emphasis added). Question #3 on the verdict form

---

*(Footnote Continued)*

***Cheathem v. Temple Univ. Hosp.***, 743 A.2d 518, 521 (Pa. Super. 1999). "Except as otherwise prescribed by this rule, the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The filing of a motion for reconsideration does not stay the appeal period. Pa.R.A.P. 1701(b)(3). Here, Plaintiff has captioned his appeal as from the order denying his motion for reconsideration of the order denying his motion for correction of the record. The appeal properly lies from the August 12, 2016 judgment entered on the verdict in favor of Irvello ("Defendant"). We have revised the caption accordingly and, because the appeal was filed within 30 days of the date of entry of judgment, the appeal is timely. **See** Pa.R.A.P. 903.

[2] Section 1705(a)(1)(A) of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL), provides that a driver who purchases limited-tort coverage "may seek recovery for all medical and other out-of-pocket expenses, **but not for pain and suffering or other nonmonetary damages unless the injuries suffered fall within the definition of "serious bodily injury" as set forth in the policy[.]**" 75 Pa.C.S.A. § 1705(a)(1)(A) (emphasis added).

was followed with the statement that, if you answer "No," Plaintiff cannot recover. Thereafter, the trial court entered a verdict in favor of Defendant.

On July 10, 2015, Plaintiff filed a motion to correct the docket to reflect that Plaintiff was the verdict winner, asserting that the error on the docket precluded Plaintiff from recovering costs. **See** 42 Pa.C.S.A. § 1726(a)(2).[3] **See also Smith v. Rohrbaugh**, 54 A.3d 892, 897 (Pa. Super. 2012) ("costs inherent in a law suit are awarded to and should be recoverable by the prevailing party."). Defendant filed a response, arguing Plaintiff's motion was unsupported by case law. Defendant filed a bill of costs, to which Plaintiff filed exceptions; Defendant also filed a motion for sanctions. Thereafter, the trial court denied Plaintiff's motion to correct the record and granted Defendant's motion for sanctions, ordering Plaintiff to pay Defendant's counsel fees in the amount of $500.00.

_____

[3] Section 1726(a)(2) of the Judicial Code provides:

> (2) **The prevailing party should recover his costs from the unsuccessful litigant** except where the:
>
>> (i) Costs relate to the existence, possession or disposition of a fund and the costs should be borne by the fund.
>>
>> (ii) Question involved is a public question or where the applicable law is uncertain and the purpose of the litigants is primarily to clarify the law.
>>
>> (iii) Application of the rule would work substantial injustice.
>
> 42 Pa.C.S.A. § 1726(a)(2) (emphasis added).

On August 9, 2015, Plaintiff filed a motion for reconsideration, which the trial court denied on August 11, 2015. *See* note 1, *supra*. Plaintiff filed an appeal. This Court quashed the appeal because the verdict was not reduced to judgment.[4] *See* Pa.R.A.P. 301; Pa.R.C.P. 227.4, 237. Thereafter, Plaintiff filed a praecipe for entry of judgment on the verdict, and the court entered judgment on the verdict on August 12, 2016. This appeal followed. Plaintiff raises the following issues:

1. Did the trial court commit an error of law in denying the Plaintiff's motion to correct the record to reflect that the Plaintiff was the verdict winner?

2. Did the trial court abuse its discretion in awarding the Defendant attorney's fees as a sanction under 42 Pa.C.S.A. § 2503 where the motion to correct the record was not frivolous or done in bad faith, but instead was based on a reasonable interpretation of the law and was supported by case authority?

3. Did the trial court abuse its discretion in denying Plaintiff's motion for reconsideration where in the period between the denial of the motion [to correct the record] and the motion for reconsideration the Philadelphia Court of Common Pleas in *Bailey v. Pham*, 2015 Phila. Ct. Com. Pl. LEXIS 328, *4 (Oct. 20, 2015)[,] issued an opinion supporting the Plaintiff's potion on the underlying motion?

Appellant's Brief, at 4.

Plaintiff argues that he is the "prevailing party" under section 1726(a)(2)." He states that although the jury found he had not suffered

_____

[4] *Oliver v. Irvello*, 2745 EDA 2015 (unpublished memorandum, filed July 25, 2016).

- 4 -

serious impairment to a bodily function and thus could not recover non-economic damages, the jury did find *liability* on the part of Defendant. In support of this argument, Plaintiff cites to a trial court decision, **Bailey v. Pham**, 2015 Phila. Ct. Com. Pl. LEXIS 328, *4 (Oct. 20, 2015), and to the unpublished memorandum decision of this Court that affirmed that decision. **Bailey v. Pham**, No. 2526 EDA 2015 (filed June 29, 2016).

First, we note that Plaintiff is prohibited from relying on or citing to an unpublished memorandum decision of this Court. The Superior Court Internal Operating Procedure (IOP) § 65.37(A) provides:

> **An unpublished memorandum decision shall not be relied upon or cited by a Court or a party in any other action or proceeding**, except that such a memorandum decision may be relied upon or cited (1) when it is relevant under the doctrine of law of the case, res judicata, or collateral estoppel, and (2) when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding. When an unpublished memorandum is relied upon pursuant to this rule, a copy of the memorandum must be furnished to the other party to the Court.

210 Pa. Code § 65.37 (emphasis added). We, therefore, will not address this portion of Plaintiff's argument.[5]

Next, Plaintiff argues that, notwithstanding the fact that the jury did not award him compensatory damages, he was the verdict winner. Plaintiff

---

[5] In any event, we point out that **Bailey v. Pham** was not a limited tort election case.

insists that the damages question has no bearing on the liability issue, and therefore he was the prevailing party. We find this argument unavailing as well.

"It is a general rule in our judicial system, stemming from the Statute of Gloucester, 6 Edw. 1, c. 1 (1275), that costs inherent in a law suit are awarded to and should be recoverable by the prevailing party." **De Fulvio v. Holst**, 362 A.2d 1098, 1099 (Pa. Super. 1976). The issue, then, is whether Plaintiff was a prevailing party in a limited tort case where he did not meet his threshold burden of proving serious injury. Several cases have addressed the issue of "prevailing party," but not in the context of a limited tort case.

In **Zelenak v. Mikula**, 911 A.2d 542 (Pa. Super. 2006), plaintiffs filed a personal injury claim against defendant, seeking damages in excess of $30,000.00. Prior to trial, defendant offered a settlement of $11,500.00. The plaintiffs declined the offer and, following trial, a jury returned a verdict in favor of plaintiffs in the amount of $7,000. Defendant sought costs, arguing the trial court erred in determining that plaintiffs were the "prevailing parties," and citing the inequity of being forced to pay costs after making an offer to settle the case for more than what the jury had awarded. **Id.** at 545. On appeal, this Court, finding the argument meritless, stated: "The plain meaning of `prevailing part' is the party who wins the lawsuit. In this case, it was [plaintiffs], and consequently, they were entitled to record costs." **Id.**

In ***Zavatchen V. RHF Holdings, Inc.***, 907 A.2d 607 (Pa. Super. 2006), this Court addressed what "substantially prevailing party" means under the Contractor and Subcontractor Payment Act (CSPA). 73 P.S. §§ 501-516. There, plaintiff filed a complaint seeking damages in the amount of $89,369.33, plus legal interest, late charges and attorney's fees under section 512(b) of the CSPA. Section 512(b) states, in relevant part: "Notwithstanding any agreement to the contrary, the **substantially prevailing party** in any proceeding to recover any payment under this act shall be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator, together with expenses." 73 P.S. § 512(b) (emphasis added). Following trial, plaintiff was awarded $300.00. Defendants then sought attorney's fees, claiming they were the "substantially prevailing parties" under the CSPA because plaintiff recovered less than 1% of the amount he sought in his complaint. The trial court denied defendants' motion, and on appeal, we affirmed, stating:

> While the mandatory language of section 512(b) requires an award of attorney's fees to a substantially prevailing party, . . . the issue of whether any party to a lawsuit substantially prevailed is left to the trial court's discretion. ***See [Bridges PBT v.] Chatta***, 821 A.2d [590,] 593 (Pa. Super. 2003) . . . Therefore, in the absence of an abuse of discretion, we will not reverse a trial court's determination of whether a party is a substantially prevailing party for purposes of awarding attorney fees under section 512(b) of the CSPA.

***Zavatchen***, 907 A.2d at 610.

We went on to state:

> The terms "prevailing party" and "substantially prevailing party" have not been clearly defined with regard to the CSPA, especially as they pertain to defendants. However, these terms have been addressed in Pennsylvania and other jurisdictions where contracts or statutes similar to the CSPA make the recovery of attorney's fees ***dependent upon a party's status as a prevailing or a substantially prevailing party***. In ***Profit Wize Mktg. v. Wiest***, 812 A.2d 1270 (Pa. Super. 2002), this Court explained that:
>
> > [a] 'prevailing party' is commonly defined as 'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.' While this definition encompasses those situations where a party receives less relief than was sought or even nominal relief, its application is still limited to those circumstances where the fact finder declares a winner and the court enters judgment in that party's favor.
>
> [***Id.***] at 1275-76 (interpreting prevailing party in employment agreement) (internal citations omitted).

***Zavatchen***, 907 A.2d at 610. ***See also*** 25A Standard Pennsylvania Practice 2d § 127:8 (defining "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded.").

Section 1705 of the MVFRL sets forth the limited tort elector's right to recover, and clearly states that "unless the injury sustained is a serious injury, each person who is bound by the limited tort election shall be *precluded from maintaining an action for any noneconomic loss*." 75 Pa.C.S.A. § 1705(d) (emphasis added). In order to recover on his claim for noneconomic damages in a limited tort case, Plaintiff was required to prove a serious injury. ***See id.***; ***see also Cadena v. Latch***, 78 A.3d 636, 639–40 (Pa. Super. 2013); ***cf. Washington v. Baxter***, 719 A.2d 733, 740 (Pa. 1998) (threshold determination of whether plaintiff suffered serious

impairment of body function should be made by jury in all but clearest cases). Accordingly, Plaintiff's claim is meritless.

The statutory language, as well as the above case law, leads us to the conclusion that the trial court did not abuse its discretion in determining that Defendant was the "prevailing party" in this limited tort case. **Chatta**, **supra**. As a limited tort elector, Plaintiff chose not to limit his damages, but to restrict his ability to *maintain an action* for noneconomic damages. This is not a matter of the "amount of damages awarded," even if zero or nominal; Plaintiff did not prevail because the action could not proceed. 75 Pa.C.S.A. § 1705(d).

Next, Plaintiff argues the trial court abused its discretion in awarding the Defendant attorney's fees as a sanction under 42 Pa.C.S.A. § 2503. Plaintiff contends his motion to correct the record was not frivolous or filed in bad faith.

Our review of a trial court's award of attorney's fees is limited. We may only consider whether the court "palpably abused its discretion in making a fee award." **Thunberg v. Strause**, 682 A.2d 295, 299 (Pa. 1996). The Judicial Code permits an award of reasonable counsel fees "as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter." 42 Pa.C.S. § 2503(7).

Here, the trial court awarded attorney's fees as a sanction against Plaintiff for filing his motion to correct the record, citing to section 2503(7). The court stated: "The only case cited by Plaintiff did not address the issue

- 9 -

raised by Plaintiff and therefore provided no support for his argument that he was the verdict winner." Trial Court Opinion, 1/14/16, at 8. Admittedly, the case cited did not support Plaintiff's argument, but we have found no case addressing this particular issue in the context of a limited tort matter.

"The relentless pursuit of a claim which plainly lacks legal merit warrants an award of counsel fees." *Miller v. Nelson*, 768 A.2d 858, 862 (Pa. Super. 2001). "A suit is vexatious if brought without legal or factual grounds and if the action served the sole purpose of causing annoyance." *Id.*

After review, we do not find Plaintiff's petition to correct the record so vexatious as to be "wholly without legal or factual grounds[.]" *In re Barnes Foundation*, 74 A.3d 129, 136 (Pa. Super. 2014). Precisely due to the lack of case law on this specific issue, we do not find that the petition was brought purely for the purpose of annoyance, nor was it so plainly obdurate or vexatious as to warrant the award of counsel fees. *Id.* We, therefore, are constrained to find that the court abused its discretion in awarding Defendant counsel fees under section 2502(7).[6]

We, therefore, affirm the court's order denying Plaintiff's petition to correct the record, and reverse the court's order granting Defendant counsel fees.

---

[6] Based on our disposition, we find it unnecessary to address Plaintiff's third issue on appeal.

Affirmed in part; reversed in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2017