IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pamela McDuffie,           :
           Petitioner   :
                      :
      v.               :
                      :
Pennsylvania Human Relations  :
Commission,            :   No. 239 C.D. 2025
           Respondent  :   Submitted: May 12, 2026

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON             FILED: June 26, 2026


        Pamela McDuffie (Petitioner) petitions for review of the January 27, 2025 Final Order (Final Order) of the Pennsylvania Human Relations Commission (Commission) that found in Petitioner's favor in her claim made pursuant to the Pennsylvania Human Relations Act  (Act).[1]  Upon review, we reverse the Final Order and remand the matter for further proceedings.

## I. Background and Procedural Posture

        The facts of this matter are straightforward and not in dispute.  On April 26, 2018, Petitioner filed a complaint with the Commission against Tunic Group, LLC (Intervenor),[2] which alleged that Intervenor had discriminated against

---

[1] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951-963.

[2] Intervenor, the company that manages the apartment building in which Petitioner lives, intervened in this matter by right on April 1, 2025.  *See* Final Order at 3; *see also* Notice of Intervention filed April 1, 2025.

Petitioner on the basis of disability by failing to provide her with certain requested reasonable accommodations.[3] *See* Final Order at 2. Following a hearing, a Hearing Examiner found that Petitioner "has proven that [Intervenor] discriminated against her by denying her request for reasonable accommodation in violation of Section 5(h)(3.2) of the [Act]." *Id.* at 40. Based on the Hearing Examiner's recommendation, the Commission ordered, *inter alia*,[4] Intervenor to pay Petitioner

---

[3] The accommodations sought from Intervenor by Petitioner were: (1) transfer to an A-level apartment; (2) a reserved handicap-accessible parking space; (3) the enforcement of Intervenor's anti-dumping policies and/or the implementation of remedial measures to permit Petitioner full use of a reserved parking space; and (4) a functional intercom system. *See* Final Order at 2.

[4] In the Final Order, the Commission divided the order into six separate parts as follows:

> 1. Respondent Tunic Group, LLC cease and desist from denying a reasonable accommodation to tenants who require them due to their disability.
>
> 2. That within sixty (60) days of the effective date of this Order, Respondent take Fair Housing Training.
>
> 3. That Respondent create and implement a written policy regarding discrimination and requiring regular fair housing compliance training for staff.
>
> 4. That Respondent shall pay Complainant the lump sum of $120,802.00, which amount represents compensatory damages of embarrassment and humiliation Complainant suffered and attorney's fees and costs.
>
> 5. That, within sixty (60) days of the effective date of this Order, Respondents shall deliver to [Commission] Counsel, Stephanie Chapman, a check payable to the Commonwealth of Pennsylvania, in the amount of $5,500.00, which represents an assessment of a civil penalty pursuant to Section 9(f)(2)(i) of the [Act].

the lump sum of $120,802.00, which sum represented $60,000.00 in compensatory damages for Petitioner's embarrassment and humiliation, $60,000.00 for Petitioner's attorney's fees, and $802.00 for costs. *See id.* at 38 & 42.

## II. Issues

On appeal,[5] Petitioner claims the Commission erred in awarding Petitioner only $60,000.00 in attorney's fees. *See* Petitioner's Br. at 6, 9-19. Petitioner argues that the Commission capriciously disregarded her detailed and reasonable fee application and that, therefore, the Commission's attorney's fee award was arbitrary and not supported by substantial evidence. *See id.* at 9-19.

Intervenor also contends that the Commission erred in awarding $60,000.00 in attorney's fees. *See* Intervenor's Br. at 4, 9-11. Intervenor argues that the attorney's fee award was not based on substantial evidence because the Commission did not perform a line-by-line analysis of Petitioner's fee application. *See id.* at 11.

---

6. That, within sixty (60) days of the effective date of this Order, Respondent shall report to the [Commission] on the manner of its compliance with the terms of this Order by letter addressed to Stephanie Chapman, Assistant Chief Counsel, Pennsylvania Human Relations Commission, 333 Market St., 8th Floor, Harrisburg, PA 17112.

Final Order at 41-42. In the instant appeal, Petitioner challenges only the portion of the Final Order concerning the awarded attorney's fees.

[5] We review an award of attorney fees under the Act for an abuse of discretion. *See Wagner v. Pa. Capitol Police Dep't*, 132 A.3d 1051, 1058 (Pa. Cmwlth. 2016) (citing *Hoy v. Angelone*, 720 A.2d 745, 751-52 (Pa. 1998)).

### III. Discussion

Generally, absent express statutory authority, each party to litigation pays its own legal fees. *See Fitzgerald v. City of Phila.*, 487 A.2d 485 (Pa. Cmwlth. 1985). Here, Section 9(f.1) of the Act grants the Commission discretion to award attorney fees and costs to prevailing complainants as follows:

> (f.1) If, upon all the evidence at the hearing, in those cases alleging a violation of section 5(d), (e), (h) or 5.3 [of the Act] where the underlying complaint is a violation of section 5(h) or 5.3, the Commission finds that a respondent has engaged in or is engaging in any unlawful discriminatory practice as defined in this act, the Commission may award attorney fees and costs to prevailing complainants.

43 P.S. § 959(f.1). The Supreme Court of Pennsylvania has stated the following regarding an award of attorney's fees under the Act:

> [T]he Act clearly and unambiguously states that an award of attorney's fees rests within the sound discretion of the trial court. There is no presumption of attorney's fees and costs under the statute. Likewise, the Act does not require the existence of special circumstances to withhold the award of fees and costs. The General Assembly could have easily created such a presumption if it had so desired. Thus, we conclude that the award of counsel fees and costs under the Act is within the sound discretion of the trial court and will not be reversed unless the trial court commits an abuse of that discretion.

*Hoy v. Angelone*, 720 A.2d 745, 752 (Pa. 1998). This Court has concluded that, because there is no presumption of attorney fees and costs under the Act, "an award of full attorney fees is not mandatory under the statute." *Wagner v. Pa. Capitol Police Dep't*, 132 A.3d 1051, 1059 (Pa. Cmwlth. 2016) (citing *Hoy,* 720 A.2d at

4

752). Additionally, the Supreme Court has noted that a party challenging a trial court's discretion regarding an award of attorney's fees under the Act bears a heavy burden, noting expressly that "an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Hoy*, 720 A.2d at 752 (quoting *Paden v. Baker Concrete Constr., Inc.*, 658 A.2d 341, 343 (Pa. 1995)) (internal quotation marks omitted).

> Our Supreme Court has also observed that
>
> [t]he amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved, as well as its knowledge of the rate of professional compensation usual at the time and place, are necessarily greater than ours[.]

*In re LaRocca's Tr. Est.*, 246 A.2d 337, 340 (Pa. 1968) (quoting *In re Good's Est.*, 24 A. 623, 623 (Pa. 1892)). Thus, an attorney's fee awarded by the Commission as the court of first instance "should be based on all the circumstances of a case and it is up to the [Commission] to determine whether certain tasks constitute a reasonable legal response to an action or, instead, have an attenuated relation to the action." *Morgan v. Stotesbury Cmty. Ass'n, Inc.* (Pa. Cmwlth., No. 1093 & 1125 C.D. 2022, filed Jan. 19, 2024),[6] slip op. at 9 (citing *Twp. of Millcreek v. Angela Cres Tr. of June 25, 1998*, 222 A.3d 1199, 1208 (Pa. Cmwlth. 2019)) (internal quotation marks

---

[6] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

omitted), *appeal denied*, 329 A.3d 585 (Pa. 2024). "This Court will not interfere with a fee award that is based on all the circumstances of a case, even if the [] court [of first instance] does not explain exactly how it calculated an award." *Millcreek*, 222 A.3d at 1208 (citation and internal quotation marks omitted).

The Commission has previously explained the considerations it employs in evaluating fee requests as follows:

> Unless adequate supporting evidence is submitted, an attorney['s] fee award will not be made. Consideration will be given to time and labor required; the difficulty of the questions involved in th[e] case; the requisite skill to perform the legal services rendered; [the] attorney's customary fee; the hourly rate for legal services in the community; the amount of the claim involved and the results obtained; the experience, reputation, and ability of an attorney; whether a contingency arrangement was in place; and the size of awards in similar cases.

*Harris II v. Cupani and Tamalonis*, Commission Docket No. H6571 (1997), slip op. at 6. The Commission need not address every consideration in its determination because any one consideration, or any combination thereof, might convince the Commission other than what is requested is justified. *See Morgan*, slip op. at 9-10 (discussing attorney fee award reasonableness factors outlined in *LaRocca*[7]).

---

[7] The factors set forth by our Supreme Court to be considered when determining attorney's fee award reasonableness are similar to the Commission's *Harris II* considerations and include:

> the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to

6

However, while the Commission need not "delineate with specificity . . . every reason for every disallowance of every aspect of the fee request[,]" the Commission "must sufficiently explain its reasoning to enable meaningful appellate review[.]" *Morgan*, slip op. at 10 (quoting *Millcreek*, 222 A.3d at 1206-07) (internal quotation marks omitted).

Here, Petitioner's counsel submitted a fee application requesting $108,868.30 in attorney's fees and costs. The Commission acknowledged the fee application, but awarded only $60,000.00 in attorney's fees. *See* Final Order at 38. By way of explanation, the Commission stated the following:

> In the instant case, while [Petitioner's] attorney did submit a detailed fee application, the Commission finds the amount of $108,868.30 to be unreasonable in that it is almost twice the amount of the award to [Petitioner] for the emotional distress that she experienced by [Intervenor]. The Commission finds $60,000.00 in fees to be appropriate and comparable to awards in similar cases before the Commission.

Final Order at 38.[8]

---

> obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.

*LaRocca*, 246 A.2d at 339-40.

[8] The Commission explained its $802.00 award for costs as follows:

> Regarding costs, [the] parties were provided with a copy of the hearing transcript via e-mail at the same time the briefing schedule was issued, so the Commission will not reimburse [Petitioner's c]ounsel with the requested $1,440.80 for the transcript of proceedings. Therefore, the Commission finds it appropriate to

We find deficient the Commission's explanation of its award of attorney's fees in this matter. The Commission found the attorney's fees sought by the fee application to be "unreasonable" in relation to the amount the Commission awarded for Petitioner's underlying emotional distress claim. This reason, on its own, does not adequately explain the Commission's award of attorney's fees. We observe that, while "[t]he value of the judgment is a factor that should be considered in determining the reasonableness of the attorney's fee[,] . . . [i]t is not [] the only factor." *Arches Condo. Ass'n v. Robinson*, 131 A.3d 122, 134 (Pa. Cmwlth. 2015) (citing *LaRocca*, 246 A.2d at 339). Moreover, we acknowledge that many reasons may exist for a discrepancy between an award and the work required to obtain such an award. Additionally, to the extent the Commission states that $60,000.00 in fees is appropriate and comparable to awards in similar cases, the Commission does not elaborate on the details of any such cases so that this Court may determine whether such comparison cases are, in fact, comparable to the instant matter in substance or legal work required. Accordingly, we cannot determine whether the Commission's assessment of the award in relation to similar cases is correct. Further, the Commission includes no discussion of any of the remaining *Harris II* considerations.[9] While we appreciate that the Commission need not expressly

award [Petitioner's] attorney $802.00 in costs, which amount represents the service of out-of-state subpoenas upon [an apartment rental company that handles property rentals managed by Intervenor] at two separate locations, and the deposition transcripts of [two witnesses].

Final Order at 38. Petitioner does not challenge the Commission's determination regarding the $802.00 awarded in costs. *See* Petitioner's Br. at 8 n.4.

[9] The *Harris II* considerations not touched upon by the Commission include: the time and labor required of counsel in this matter; the difficulty of the questions involved in the case; the

8

address each and every one of the *Harris II* considerations, we find that the explanation of the attorney's fees awarded in this matter, with little to no discussion of the considerations beyond the amount of the award in relation to purportedly "similar," but not described, cases, does not sufficiently explain the Commission's reasoning to enable meaningful appellate review of the $60,000.00 award of attorney's fees.

## IV. Conclusion

For these reasons, we reverse the portion of the Final Order that granted attorney's fees in the amount of $60,000.00 and remand the matter to the Commission for further proceedings consistent with this opinion.

_____
CHRISTINE FIZZANO CANNON, Judge

---

requisite skill to perform the legal services rendered; the attorney's customary fee; the hourly rate for legal services in the community; the experience, reputation, and ability of an attorney; and whether a contingency arrangement was in place.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pamela McDuffie,              :
            Petitioner    :
                    :
       v.             :
                    :
Pennsylvania Human Relations   :
Commission,            :   No. 239 C.D. 2025
          Respondent   :

## **O R D E R**

AND NOW, this 26th day of June, 2026, the January 27, 2025 Final Order of the Pennsylvania Human Relations Commission (Commission) is REVERSED to the extent that it awarded attorney's fees in the amount of $60,000.00.  The matter is REMANDED to the Commission for further proceedings consistent with the preceding opinion.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge