J-S80002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS GRAY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CROWN PARK APARTMENT INVESTORS, LP, INDIVIDUALLY, AND T/A MAIN STREET APARTMENTS<br>   AND<br>MORGAN PROPERTIES MANAGEMENT COMPANY, LLC, INDIVIDUALLY, AND T/A MORGAN PROPERTIES<br>   AND<br>MITCHELL L. MORGAN MANAGEMENT, INC.<br>   AND<br>SH GENERAL LANDSCAPE, LLC, | |
| Appellees | No. 2067 EDA 2018 |

Appeal from the Order Entered June 7, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term, 2017 No. 01627

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 21, 2019**

Appellant, Thomas Gray, appeals from the June 7, 2018 order granting summary judgment in favor of Appellees, Crown Park Apartment Investors, LP, individually, and t/a Main Street Apartments, Morgan Properties Management Company, LLC, individually, and t/a Morgan Properties, and Mitchell L. Morgan Management, Inc. (collectively referred to herein as "Appellees").  We affirm.

The trial court summarized the factual and procedural history of this case as follows:

> On January 12, 2015, at approximately 5:00 a.m., [Mr. Gray] exited his apartment in the Main Street Apartments building. [Mr. Gray] stepped onto the concrete landing outside of the building and slipped and fell down the steps. [Mr. Gray] sustained injuries as a result. Freezing rain and sleet [were] falling at the site and time of [Mr. Gray's] accident.
>
> On January 12, 2017, [Mr. Gray] filed a [c]omplaint against [Appellees] and SH General Landscape, LLC.[1]
>
> On May 4, 2018, [Appellees] filed a [m]otion for [s]ummary [j]udgment.[2] Pursuant to Pennsylvania Rule of Civil Procedure 1035.3, [Mr. Gray] had until June 3, 2018[,] to file a response.[3] [Mr. Gray] failed to timely file a response to [Appellees'] [m]otion for [s]ummary [j]udgment on or before the deadline.[4] On June 6, 2018, this [c]ourt issued an [o]rder granting [Appellees'] [m]otion for [s]ummary [j]udgment.[5] [Mr. Gray] filed a [m]otion for [r]econsideration on June 11, 2018. This [c]ourt denied [Mr. Gray's] [m]otion for [r]econsideration on June 13, 2018.

---

[1] On September 25, 2017, all of the parties entered a stipulation dismissing SH General Landscape, LLC, with prejudice.

[2] The corresponding docket entry for this filing set forth the response date as June 4, 2018.

[3] In fact, Mr. Gray had until Monday, June 4, 2018, to respond because the thirtieth day — June 3, 2018 — was a Sunday. **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[4] Mr. Gray explains that he did not file a timely response because his "counsel's office did not calendar the response date in its diary system." Mr. Gray's Brief at 5.

[5] This order was docketed on June 7, 2018.

On July 5, 2018, [Mr. Gray] filed a [n]otice of [a]ppeal from this [c]ourt's June 6, 2018 and June 13, 2018 [o]rders.[6]  On July 10, 2018, this [c]ourt ordered [Mr. Gray] to file a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days.  [Mr. Gray] filed a timely [Rule] 1925(b) [s]tatement on July 31, 2018.

Trial Court Opinion (TCO), 8/16/2018, at 1-2.

Presently, Mr. Gray raises the following issues for our review:

[1.] Whether the trial court erred in issuing its [o]rder dated June 6, 2018 granting Appellee[s'] motion for summary judgment based solely on [Mr. Gray's] failure to respond to the motion within thirty days.

[2.] Whether the trial court erred in issuing its June 13, 2018 [o]rder denying [Mr. Gray's] motion for reconsideration of the June 6, 2018 order granting Appellee[s'] motion for summary judgment, without requiring Appellee[s'] response to the motion for reconsideration [*sic*], and refusing to grant leave for [Mr. Gray] to file a response to Appellee[s'] motion for summary judgment so that the dispositive motion may be heard on the merits.

3. Whether the trial court erred in granting Appellees' motion for summary judgment based on the "[h]ills and [r]idges" doctrine when [Mr. Gray] produced evidence in its proposed response that demonstrated the existence of a genuine issue of material fact that [Mr. Gray's] theory of liability against Appellees falls outside of the scope of the "[h]ills and [r]idges" doctrine.

_____

[6] We observe that, "[a]s a general rule, an appellate court's jurisdiction extends only to review of final orders.  An order denying a motion for reconsideration is not a final order and, thus, not appealable." *Oliver v. Irvello*, 165 A.3d 981, 983 n.1 (Pa. Super. 2017) (citations omitted).  Moreover, "[t]he filing of a motion for reconsideration does not stay the appeal period." *Id.* (citation omitted).  Here, Mr. Gray's appeal properly arises from the June 7, 2018 order granting summary judgment in favor of Appellees, and he timely filed his notice of appeal therefrom.  *See* Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken").  We have amended the caption accordingly.

Mr. Gray's Brief at 4.[7]

At the outset, we acknowledge that "[o]ur scope of review of an order granting summary judgment is plenary." ***Harber Philadelphia Center City Office Ltd. v. LPCI Ltd. Partnership***, 764 A.2d 1100, 1103 (Pa. Super. 2000) (citation omitted). "Accordingly, we apply the same standard as the trial court, reviewing all of the evidence to determine whether there exists a genuine issue of material fact. In the absence of a factual dispute, we must discern whether the moving party is entitled to judgment as a matter of law." ***Id.*** (citation omitted).

In Mr. Gray's first issue, he argues that "[t]he trial court erred in granting Appellees' motion for summary judgment because its decision is based solely on [Mr. Gray's] failure to respond to the motion within thirty days and not the substantive merits." Mr. Gray's Brief at 9 (unnecessary emphasis omitted). He claims that "Pa.R.C.P. 126 and concepts of fairness dictate that the trial court consider the substantive merits of the motion for summary judgment." ***Id.*** at 13.[8]

_____

[7] In addition to the untimeliness of his summary judgment response, we observe that Mr. Gray similarly filed his appellate brief to this Court late. Mr. Gray filed his brief on October 26, 2018, when it was due on or before October 1, 2018.

[8] Rule 126 sets forth that:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of

Here, in granting Appellees' motion for summary judgment based on Mr. Gray's failure to timely respond, the trial court relied on Pa.R.C.P. 1035.3, which provides, in relevant part, the following:

> (a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but **must file a response within thirty days after service of the motion identifying**
>
> > (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
> >
> > (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.
>
> …
>
> (d) **Summary judgment may be entered against a party who does not respond.**
>
> (e)(1) Nothing in this rule is intended to prohibit a court, at any time prior to trial, from ruling upon a motion for summary judgment without written responses or briefs if no party is prejudiced. A party is prejudiced if he or she is not given a full and fair opportunity to supplement the record and to oppose the motion.
>
> (2) A court granting a motion under subdivision (e)(1) shall state the reasons for its decision in a written opinion or on the record.

---

procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. 126. This Court has stated that "Rule 126 allows an equitable exception for parties who commit a misstep when attempting to do what any particular rule requires. Rule 126 does not excuse a party's complete noncompliance with the rules, but Rule 126 is available to a party who makes a substantial attempt to conform." ***Deek Investment, L.P. v. Murray***, 157 A.3d 491, 494 (Pa. Super. 2017) (citation omitted).

Pa.R.C.P. 1035.3(a), (d), (e) (emphasis added).

> This Court has explained that, under Rule 1035.3,
>
> the non-moving party bears a clear duty to respond to a motion for summary judgment. **See** Pa.R.C.P. 1035.3(a)(1), (2) (requiring non-moving party to file a response "within thirty days after service of the motion identifying … one or more issues of fact arising from evidence in the record controverting the evidence cited [by the movant] in support of the motion or … evidence in the record establishing the facts essential to the cause of action"). If the non-moving party does not respond, the trial court may grant summary judgment *on that basis*. **See** Pa.R.C.P. 1035.3(d). **See also Stilp v. Hafer**, 701 A.2d 1387, 1390 (Pa. [Commw.] 1997) (recognizing that Rule 1035.3 vests court hearing motion for summary judgment with discretion to enter judgment on the basis of adverse party's failure to respond).

**Harber**, 764 A.2d at 1104-05 (emphasis in original). **See also Devine v. Hutt**, 863 A.2d 1160, 1169 (Pa. Super. 2004) ("Rule 1035.3(d) allows the court to enter judgment against a party who fails to respond to a motion for summary judgment, although the rule is not mandatory.") (citation omitted); **Com ex. Rel. Fisher v. Jash Intern, Inc.**, 847 A.2d 125, 130 (Pa. Cmwlth. 2004) ("It is within the discretion of the court, *sua sponte*, to allow the non-moving party to respond to a motion for summary judgment after the thirty-day period has elapsed.") (citation omitted).

Here, the trial court stated that it "acted within its discretion when it granted [Appellees'] [m]otion for [s]ummary [j]udgment." TCO at 4. It discerned that Appellees filed their motion for summary judgment on May 4, 2018, and noted that it subsequently "signed the [o]rder granting summary judgment, in accordance with Rule 1035.3, on June 6, 2018, thirty-three days after the motion was filed." **Id.** at 3. Under Rule 1035.3, we agree that it

was within the trial court's discretion to grant Appellees' summary judgment motion based on Mr. Gray's failure to timely respond. Therefore, we conclude that the trial court did not err in doing so.

In Mr. Gray's second issue, he argues that "[t]he trial court erred in denying [his] motion for reconsideration of the [o]rder granting Appellee[s'] motion for summary judgment, without requiring Appellee[s'] response to the motion for reconsideration [*sic*], and refusing to grant leave for [Mr. Gray] to file a response to Appellee[s'] motion for summary judgment so that the dispositive motion may be heard on the merits." Mr. Gray's at 14 (unnecessary emphasis omitted). Mr. Gray reiterates his argument that the trial court did not consider Rule 126 and its requirement of fairness, and notes that he promptly filed his motion for reconsideration. *Id.* at 14-15.

"Pennsylvania case law is absolutely clear that the refusal of a trial court to reconsider, rehear, or permit reargument of a final decree is not reviewable on appeal." ***Huntington Nat. Bank v. K-Cor, Inc.***, 107 A.3d 783, 787 (Pa. Super. 2014) (citations omitted). Thus, we are unable to examine this issue.

Finally, Mr. Gray claims that "[t]he trial court erred in granting Appellees' motion for summary judgment based on the 'hills and ridges' doctrine when the substantive merits of the motion demonstrated the existence of a genuine issue of material fact that [Mr. Gray's] theory of liability against Appellees falls outside the scope of the 'hills and ridges' doctrine." Mr.

Gray's Brief at 15 (unnecessary emphasis omitted).[9]  He avers that, in his motion for reconsideration, he "demonstrated that his theory of liability involved defective and dangerous lighting, a theory that falls outside the scope of the 'hills and ridges' doctrine." *Id.* at 16.

This argument puzzles us.  The trial court made it clear that it did not grant summary judgment based on the 'hills and ridges' doctrine.  **See** TCO at 6 ("The assertion that this [c]ourt granted [Appellees'] motion 'based on the '[h]ills and [r]idges' doctrine' is purely speculative.  There is nothing in this [c]ourt's order of June 6, 2018 indicating that [Appellees'] motion was granted on this basis.").  Further, Mr. Gray acknowledges himself that the trial court "never considered the merits of Appellee[s'] motion for summary judgment." Mr. Gray's Brief at 15.  Thus, as the trial court did not reach the merits, it could not have erred in granting summary judgment based on the hills and ridges doctrine.  No relief is due.

Order affirmed.

Judge Nichols joins this memorandum.

Judge Bowes concurs in the result.

_____

[9] The doctrine of hills and ridges is "a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations."  **Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.**, 828 A.2d 1114, 1116 (Pa. Super. 2003) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/21/19</u>