J-A30034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALLEN R. MILLER AND JANET M. MILLER FAMILY TRUST, EDWARD T. OTT, NANCY O. OTT, DAVID L. OTT, LISA R. OTT, ROBERT G. OTT, PAUL R. OTT, LORI J. OTT, ANND GREGORY D. CONKLIN | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 360 EDA 2025 |
| JAMES A. MAHAN | : : | |
| Appellant | : | |

Appeal from the Judgment Entered June 18, 2025
In the Court of Common Pleas of Northampton County Civil Division at
No(s): C-48-CV-2019-09512

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JANUARY 27, 2026**

James A. Mahan ("Mahan") appeals *pro se* from the judgment entered against him and in favor of Allen R. Miller, Janet M. Miller Family Trust, Edward T. Ott, Nancy O. Ott, David L. Ott, Lisa R. Ott, Robert G. Ott, Paul R. Ott, Lori J. Ott, and Gregory D. Conklin (collectively "Appellees"), in this action to quiet title and enjoin Mahan from impeding their ability to use an easement over private lane ("Kovar Lane"). On appeal, Mahan alleges the trial court erred in not dismissing the matter for failure to name indispensable parties and in failing to split among the parties the costs of restoring the easement. Because Mahan's claims do not merit relief, we affirm.

We take the underlying facts and procedural history in this matter from our review of the certified record and the trial court's opinion.  In 1998, Orest V. Pelechaty subdivided his property into a minor subdivision ("the plan"); the plan included multiple express easements because at least some of the new plots were landlocked.  *See* Trial Court Opinion, 2/10/21, at 1-5.  The easements at issue extend over what is now Mahan's property, specifically Kovar Lane, a private road.  *See id*.

In 2018, Mahan unilaterally rerouted the easement, making part of the access impassable by digging a large trench; Mahan also relocated a bridge and an entrance to Kovar Lane, obstructing access to it for approximately two months.  *See id*. at 6-8.  Subsequently, despite being denied a variance from the township, Mahan installed a gate which, if closed, could cut off all access to the expressly deeded easement.  *See id*. at 8.

In November 2019, Appellees filed the instant action to quiet title and to enjoin Mahan from impeding their ability to access Kovar Lane.  *See id*. at 1.  At a September 2020 non-jury trial, Appellees presented both expert and lay testimony, as well as deeds, chains of title, tax and property records, and maps, which demonstrated Kovar Lane was the express easement referred to in all parties' deeds.  *See id*. at 2, 10-13.  Mahan testified on his own behalf and attempted to act as his own expert witness.  *See id*. at 11.  The trial court expressly found Mahan was "contradictory, evasive, and . . . not credible."  *See id*.

In February 2021, the trial court entered a verdict in favor of Appellees and against Mahan. Mahan filed timely post-trial motions, which the trial court denied. Neither party praeciped for entry of judgment. Despite this, Mahan filed an appeal to this Court, which he later withdrew. Subsequently, the parties filed several post-trial motions for contempt and special relief. Mahan filed appeals from two of these orders. This Court affirmed the order finding Mahan in contempt and quashed the remaining appeal.

In January 2025, Mahan appealed from the verdict and five other post-trial orders.[1] At this Court's direction, Mahan praeciped for entry of judgment on the 2021 verdict. Following our issuance of a rule to show cause, this Court partially quashed Mahan's appeal, leaving before us the issues relating to the judgment entered upon the non-jury verdict (the "June 18, 2025 Judgment"), an order granting Appellees' petition for contempt (the "January 3, 2025 Order"), and an order granting reconsideration and amending the January 3, 2025 Order (the "January 13, 2025 Order").

On appeal, Mahan raises two issues for our review:

> QUESTION A. Whether it is fundamental error of law and/or an abuse of discretion to hear this case in the first place when other indispensable parties were not included or present in this case[?]

> QUESTION B. Whether the trial court verdict of February 10, 2021[,] constitutes a fundamental error of law and/or an abuse of discretion by disregarding established law [sic] General Road Law — Repair of Private Roads and Definitions by the verdict . . .

_____

[1] Both Mahan and the trial court complied with Pa.R.A.P. 1925.

enter[ed] . . . in favor of [Appellees] and against [Mahan] on all counts . . .[?]

Mahan's Brief at 6 (capitalization and punctuation regularized, bolding omitted).

Mahan appeals from the entry of judgment in a non-jury case. Our standard of review is well-settled.

> Upon appeal of a non-jury trial verdict, an appellate court considers the evidence in a light most favorable to the verdict winner and will reverse the trial court only if its findings of fact lack the support of competent evidence or its findings are premised on an error of law. When the appellate court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected. The court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion or that the court's findings lack evidentiary support or that the court capriciously disbelieved the evidence.

***Cascade Funding Mortgage Trust 2017-1 v. Smeltzer***, 264 A.3d 806, 812 (Pa. Super. 2021) (citation omitted).

Prior to addressing Mahan's issues, we must first determine whether we have jurisdiction over this appeal. Appellees argue the appeal of the February 10, 2021, non-jury verdict is both untimely and previously litigated. **See** Appellees' Brief at 7-8. However, the record reflects that although the trial court announced the verdict on February 10, 2021, neither party praeciped for entry of judgment, and it was not reduced to a final judgment until 2025 when at this Court's directive Mahan praeciped for entry of judgment, and the court entered it. Because Mahan filed his notice of appeal prior to the entry

- 4 -

of judgment, technically, the instant appeal is premature. However, considerations of judicial economy permit us to "regard as done that which ought to have been done." ***Johnson the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511, 514–15 (Pa. Super. 1995) (*en banc*). We will therefore consider this appeal as properly before our Court from the judgment entered on the non-jury verdict. ***See Oliver v. Irvello***, 165 A.3d 981, 983 n. 1 (Pa. Super. 2017).[2]

In his first issue, Mahan challenges the trial court's determination it had subject matter jurisdiction over this matter.[3]  ***See*** Mahan's Brief at 9-17.

---

[2] It would be within this Court's discretion to dismiss this appeal due to Mahan's numerous violations of the Rules of Appellate Procedure with respect to his brief. Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may dismiss an appeal if the defects in the brief are substantial. ***See Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017). "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." ***Id***. (citation omitted). Here, although Mahan's brief is defective, we can discern his issues from the brief and therefore we decline to dismiss the appeal on this basis.

[3] At oral argument, Mahan raised multiple factual assertions and arguments not raised in his brief on appeal. Many of these facts included hearsay statements allegedly made by third parties and offered for the truth of the matter asserted. Facts raised in support of an argument and issues not discussed in the brief on appeal are waived. ***See Hinkal v. Pardoe***, 133 A.3d 738, 740 (Pa. Super. 2016) (*en banc*) (citations omitted) (citing Pa.R.A.P. 2119 in finding waiver based on appellant's failure to address issues in her brief).

Specifically, Mahan argues Appellees failed to include indispensable parties in this action, specifically the other property owners in the subdivision. *See Id*.

> Under Pennsylvania law, the failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction. Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. Lack of jurisdiction of a court or administrative tribunal to act in a matter is an issue that cannot be waived by the parties, nor can the parties confer subject matter jurisdiction on a court or tribunal by agreement or stipulation. The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved. A judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void. Failure to join an indispensable party goes absolutely to the court's jurisdiction and the issue should be raised *sua sponte*. Subject matter jurisdiction raises a question of law for which our standard of review is *de novo* and our scope of review is plenary.

*MA-SA Construction, LLC v. Tropp*, 343 A.3d 279, 284-85 (Pa. Super. 2025) (citations, internal quotation marks, and brackets omitted, paragraph formatting altered).

A person is indispensable "when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. If no redress is sought against a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation." *Id*. at 285. 284-85. The trial court must weigh the following considerations in determining if a party is indispensable to a particular litigation:

1. Do absent parties have a right or an interest related to the claim?

2. If so, what is the nature of that right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating the due process rights of absent parties?

In determining whether a party is indispensable, the basic inquiry remains whether justice can be done in the absence of a third party.

***Id***., (citation omitted).

Mahan asserts the remaining homeowners in the subdivision were indispensable parties. ***See*** Mahan's Brief at 9-15. However, his argument on this issue consists of boilerplate quotations to case law and excerpts from his trial counsel's raising of the issue and his questioning at trial of Mahan and certain of the Appellees. ***See id***. at 7-15.[4]

The trial court rejected Mahan's claim, explaining:

[h]ere, the unnamed additional Kovar Lane property owners will not be prejudiced by [the trial court's] decision. [The trial court] has been tasked with determining the rights and responsibilities of the named parties. [The trial court] has not been presented with any testimony or evidence concerning easements granted to or by other unnamed property owners and therefore[] can make no determination as to those persons' rights and responsibilities. Based upon the limited issues before [the trial court] concerning the named [Appellees'] rights over Kovar Lane, any unnamed property owners are not indispensable parties, and [the trial court] has subject matter jurisdiction to decide this matter.

_____

[4] We further note the cited portion of counsel's questioning of certain Appellees consisted of asking each to identify his or her neighbors and whether they were a party to this action. ***See id***.

- 7 -

Trial Court Opinion, 2/10/21, at 9.

Mahan's reliance on counsel's argument to the trial court in purported support of his argument is misplaced. We have long held the argument of counsel is not evidence. **See Feldman v. CP Acquisitions 25, L.P.**, 325 A.3d 691, 701 (Pa. Super. 2024) (citing cases). Moreover, quoting portions of testimony wherein trial counsel asks witnesses to identify the names of people who live in the subdivision and to agree they are not parties to the instant matter fails to prove those individuals are indispensable parties. It is not this Court's responsibility to act as counsel or to pore over the voluminous record in this matter looking for evidence to support Mahan's claim. **See id**. at 702.

It was Mahan's burden to show the parties were indispensable, he did not do so. Based upon the incomplete record on this issue, we simply have no basis to conclude the trial court committed an error of law in failing to join the people at issue because nothing to support Mahan's contention that justice could not be done absent the naming of these individuals as parties. **See MA-SA Construction**, 349 A.3d at 284-85; **see also In re Estate of Rocco**, 330 A.3d 1019, 1028 (Pa. Super. 2025) (stating, "[i]n general, an indispensable party is one whose rights are so connected with the claims of the litigants that no decree can be made without impairing its rights. . . . If no redress is sought against a party, and its rights would not be prejudiced by any decision in the

case, it is not indispensable with respect to the litigation" (citations omitted)).

Mahan's first claim does not merit relief.

In his second issue, Mahan claims the trial court erred in not apportioning the costs of restoring the easement between the parties in violation of Pennsylvania's private road law, 36 P.S. § 2735. *See* Mahan's Brief at 17-20.

Pennsylvania law provides:

[r]egarding easements, regardless of their location, ordinarily the owner of a servient estate is under no obligation to make repairs; the duty is upon the one who enjoys the easement to keep it in proper condition. . . . [However, this] Court resolved the tension between the general rule and the issue of liability under the factual circumstances of a driveway owned and used by multiple adjacent property owners:

While we recognize the general rule, as already stated, regarding the obligation of a dominant tenant to keep in repair an easement which is used and enjoyed for the dominant estate alone, it must be recognized that this general rule is simply an application of the broader rule that the duty of repair should fall where reason, convenience, and equity require it to fall. Where, as in this case, an easement . . . is owned and utilized by many abutting property owners, it would be most unreasonable, inconvenient and inequitable to hold only those dominant owners whose properties are close to the defect liable therefor, since we would then have to answer the question, "How close is close?" And, if we were to say that those dominant tenants making the most use of the driveway at the place of the defect should be liable therefor, we would be faced with difficult evidentiary issues as to amount of use and presented with the important legal question of how much use should impose liability. It is our conclusion that the most reasonable, expedient and equitable rule is to require each of the owners to be responsible for the

maintenance and repair of only that portion of the driveway abutting or located on his own land.

***Wag-Myr Woodlands Homeowners Association By Morgan v. Guiswite***, 197 A.3d 1243, 1252-53 (Pa. Super. 2018) (citations, internal quotation marks, and brackets omitted, one bracket added).

Pennsylvania's general road laws — Repair of private roads states:

(a) A private road shall be opened, fenced and kept in repair by and at the expense of the property owner at whose request the private road was granted and laid out, and by the property owner's heirs and assigns.

(b) Each property owner that shares a common benefit from a private road shall contribute in proportion to the amount of the private road utilized to the cost of maintaining the private road at the current level of improvement and shall have the right to bring a civil action to enforce the requirement of this section.

36 P.S. § 2735(a), (b).

Mahan's argument on this issue consists of quoting the Act from which this law derived and reproducing the trial court's verdict. ***See*** Mahan's Brief at 17-20. He does not cite any cases supporting his claim.

The trial court explained its decision not to apportion the costs between the parties as follows:

[w]hile [Appellees], as the owners of the dominant estate, have the responsibility to perform necessary maintenance and repair of the easement, the renovations made by [Mahan] were not necessary. First, the move of Kovar Lane's footprint . . . served no specific purpose other than to prevent cars from driving in front of [Mahan's] newly-constructed house. [Appellees] all testified that they were happy with the old condition of Kovar Lane and felt that it was safe. Likewise, the construction of the bridge by [Mahan] was not a form of maintenance but, rather, a complete renovation. There was no credible testimony that the original

entrance was inherently dangerous or in need of a complete overhaul. For the above reasons [Mahan] is not entitled to the costs of his alterations to Kovar Lane.

Trial Court Opinion, 2/10/21, at 14-15.

The law with respect to repair of easements and the private road law are functionally identical: the owner of the servient estate and the dominant estate(s) proportionally share the costs of necessary maintenance and repairs. *See Wag-Myr Woodlands*, 197 A.3d at 1252-53; 36 P.S. § 2735(a), (b). Here, the record supports the trial court's conclusion that Mahan's actions were not necessary maintenance and repairs but rather alterations designed to benefit him at the expense of the dominant estates. *See* Trial Court Opinion, 2/10/21, at 2-8. The trial court did not abuse its discretion and Mahan is not entitled to have the costs of restoring the easement split between himself and Appellees.

For the reasons discussed below, we affirm the trial court's judgment and orders.

Judgement and orders affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/27/2026

- 11 -